**SERVICE LIQUOR DISTRIBUTORS, Inc., Plaintiff,**

v.

**CALVERT DISTILLERS CORPORATION, Seagram Distillers Corporation, Calvert Distilling Company, Joseph E. Seagram and Sons, Inc., Ramapo Wine & Liquor Corporation, Charles Merinoff, Tubie Resnick, Victor A. Fischel, Harry Levinthal, Samuel Greenstein and Moe Sheinig, Defendants.**

United States District Court
S. D. New York.
Nov. 5, 1954.

---

Lord, Day & Lord, New York City, for plaintiff.

Van Buren, Schreiber & Kaplan, New York City, for defendants Moe Sheinig and Charles Merinoff.

White & Case, New York City, for defendants Calvert Distillers Corp., Seagram Distillers Corp., Calvert Distilling Co., Joseph E. Seagram and Sons, Inc., Tubie Resnick and Victor A. Fischel.

Lexow & Jenkins, Suffern, N. Y., for defendants Ramapo Wine & Liquor Corp. and Samuel Greenstein.

M. Leonard Shapero, Syracuse, N. Y., for defendant Harry Levinthal.

DAWSON, District Judge.

The issue in this matter is whether the plaintiff has shown "good cause" under Rule 34 of the Federal Rules of

Civil Procedure, 28 U.S.C.A. for an order to compel defendants Ramapo Wine & Liquor Corporation and Samuel Greenstein to produce and permit plaintiff to inspect and copy certain documents.

This is a triple damage action under the Clayton and Sherman Acts, 15 U.S.C.A. §§ 1–7, 15 note, 12 et seq., which alleges, in substance, that the defendants conspired to destroy plaintiff's business because plaintiff refused to become a party to a conspiracy to fix wholesale prices and eliminate competition in the sale of distilled liquors at wholesale in New York. There are four causes of action. The first cause of action is against all of the defendants. The other three causes of action are against defendant Calvert only.

Plaintiff alleges:

(1) That in or about March, 1949, plaintiff reduced the price at which it sold to retailers distilled spirits manufactured by Calvert, and that defendants threatened plaintiff with destruction of its business if it continued selling at a discount;

(2) In June, 1949, Calvert falsely promised that it would appoint plaintiff its exclusive distributor of distilled products manufactured by Calvert in the Albany-Hudson Valley area as soon as plaintiff established a distributing plant at Poughkeepsie; that plaintiff established such plant but Calvert continued to refuse to appoint plaintiff its distributor or to sell it its products, and instead, appointed Ramapo its exclusive distributor and agent in that market;

(3) That the acts of Calvert were done with intent to ruin the business of plaintiff and were taken at the request and in combination with the other defendants, including Ramapo and Greenstein.

Plaintiff has now served a notice of motion for the production of "all documents" in the possession, custody, or control of Ramapo or Greenstein relating "directly or indirectly" to 24 items. The final item in the notice of motion would require production of "all documents in the possession, custody, or control of defendants Ramapo and Samuel Greenstein that are relevant or material to the issues in this action."

Rule 34 of the Rules of Civil Procedure provides that a court may order a party to produce and permit the inspection and copying of designated documents, books, and papers "upon motion of any party showing good cause therefor". The documents to be produced must, under the language of the Rule, "constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b)". The question which is here presented is whether the moving party has shown "good cause" for the production of the voluminous papers sought by it, and has described the items with sufficient particularity.

■ Although the Rules of Civil Procedure are to be liberally construed, it was never intended to so revolutionize the practice as to allow "fishing excursions". Thomas French & Sons v. Carleton Venetian Blind Co., D.C.E.D.N.Y. 1939, 30 F.Supp. 903. If the Rule were construed as conferring a right upon a litigant to demand an inspection of documents which might be immaterial to the issues of the lawsuit, it would probably be an invalid Rule. See United States v. Aluminum Co. of America, D.C.S.D.N.Y. 1939, 26 F.Supp. 711. It is undoubtedly in the light of these facts that Rule 34 "is explicit in its requirements that a party show good cause before obtaining a court order directing another party to produce documents." See Hickman v. Taylor, 329 U.S. 495, at page 512, 67 S.Ct. 385, at page 394, 91 L.Ed. 451. The moving party must set forth in his affidavit the facts which will show that each of the classes of items sought by him is relevant to some issue in the action. See Form 24, Appendix of Forms to the Rules of Civil Procedure.

■ "Good cause" depends, of course, upon the nature of the case, the nature of the items requested, and the

reasons given for showing that a demand for the production of the documents is proper. A showing af "good cause" requires considerably more than a conclusory statement that a plaintiff may possibly be able to get some relevant evidence or some leads to relevant evidence from the documents. Moore's "Federal Practice", 2d Ed., Vol. 4, p. 2451.

In the instant case, plaintiff and defendant Ramapo are competitors. A court must be particularly alert to prevent the liberal Federal procedure from being used for purposes other than those intended by the framers of the Rules. The plaintiff apparently has had an extensive examination of the parties to the action. It has been stated in the answering affidavit that the testimony taken on oral deposition runs to over 2,500 pages and that over 80 exhibits were marked for identification.

It is in the light of these facts that we must consider the documents, the production of which is demanded in the notice of motion. The plaintiff seeks, for example, "the stock record books of Ramapo from the time of its incorporation through the year 1950". It seeks the minutes of all meetings of the Board of Directors and of Executive Committee and other committees of Ramapo from the time of its incorporation through the year 1950. It seeks the financial records of Ramapo, including "income statements, balance sheets, Federal income tax returns, journals, ledgers, or other books of original entry" concerning the sale of spirituous liquor at wholesale to retailers in the Albany-Hudson Valley area during the period 1946 through 1951. It seeks all financial records of Ramapo, including journals, ledgers, books, income tax returns, etc. concerning the purchase of spirituous liquors from Calvert by Ramapo during the period 1946 through 1951. Certain items from those documents may be relevant, but this is no reason for giving the plaintiff a roving commission to get not merely those items but also all the details of a business that may have no relevancy to the lawsuit, but which would be delectable nuggets of information for a competitor.

To allow a plaintiff the sweeping investigation into all of the business affairs of its competitor on no more than an unsupported assertion that the plaintiff might find useful evidence in the documents would be a perversion of justice. While is may be true that, in the language of the vernacular, a party involved in a lawsuit under the present Federal Rules may be required, when entering Court, to "put all his cards upon the table", this is no basis for assuming that he must also put all his clothes upon the table. A litigant is entitled to some privacy on matters not directly relevant to the lawsuit.

Plaintiff may, by depositions or interrogatories, ascertain the existence and description of the particular documents which it believes to contain evidence relating to any of the matters within the scope of an examination permitted by Rule 26(b). In its notice of motion and affidavit, it should describe the particular types of documents which it seeks with a certain degree of particularity and show sufficient facts to justify a court in requiring their production. This has not been done in this case.

Items A (1), (4), (10), (11), and (13) are allowed. All other items are denied.

Herbert Greenstein, Vice President of Ramapo, states in an affidavit that certain documents, the production of which I have allowed, do not exist. One cannot be expected to produce that which does not exist. If any items, the production of which is ordered, do not exist, or are not in the possession, custody, or control of the defendants Ramapo and Samuel Greenstein, an affidavit from each of them attesting to that effect shall be delivered at the time of the production of the other documents as required by the order to be entered hereon.

Settle order on two days' notice.