**SERVICE LIQUOR DISTRIBUTORS, Inc., Plaintiff,**

**v.**

**CALVERT DISTILLERS CORPORATION, Seagram Distillers Corporation, Calbert Distilling Company, Joseph E. Seagram and Sons, Inc., Ramapo Wine & Liquor Corporation, Charles Merinoff, Tubie Resnick, Victor A. Fischel, Harry Levinthal, Samuel Greenstein and Moe Sheinig, Defendants.**

United States District Court,
S. D. New York.

Dec. 27, 1954.

See also, D.C., 16 F.R.D. 510, 513.

Lord, Day & Lord, New York City, Thomas F. Daly, and John W. Castles, New York City, of counsel, for plaintiff.

Lexow & Jenkings, Suffern, N. Y., David H. Moses, New York City, of counsel, for defendants, Ramapo Wine & Liquor Corp. and Samuel Greenstein.

EDELSTEIN, District Judge.

This is a renewal of a motion for the production of documents under Rule 34, 28 U.S.C.A., in a treble damage antitrust suit. Judge Dawson has previously allowed the production of certain items but denied most of them on the ground that there had been an inadequate showing of good cause. However, his order of November 23, 1954, was without prejudice to a renewal upon the showing of good cause and upon describing the items sought with sufficient particularity to permit their identification.

On the basis of that order, and the submission of affidavits of the non-existence of the documents allowed, under the terms of the order, items A(1), A(2), A(3), A(4), I and J are denied as having already been conclusively decided. Items A(5), D and H relate to matters of public record and a proper showing of good cause must indicate their unavailability to plaintiff, or other reasons why plaintiff should not be required to get them independently of reliance on defendant. Accordingly, those items are denied. Item F is denied on the ground of the absence of a showing of good cause, aside from the mere suspicion of the plaintiff, as expressed in a conclusory statement, that it might contain some relevant material.

Plaintiff has, however, made an adequate showing of good cause to warrant the production of the documents called for in item E, the stock record books of Ramapo, bearing on the issue of the connection between certain of the defendants. But no reason has been advanced why they should go back to the time of incorporation, and therefore the time covered will be limited to 1947 through July of 1950.

Plaintiff has also made an adequate showing of good cause to warrant the production of the kind of material called for in items A(6), B, C and G. It is relevant to the issues in the case, necessary to enable the plaintiff to prepare his case, and it will certainly facilitate proof and progress at the trial. The defendant, however, advances two principal objections. First, it urges the impropriety of permitting a competitor access to records of its business affairs. I can certainly agree with Judge Dawson's statement that "[t]o allow a plaintiff the sweeping investigation into all of the business affairs of its competitor on no more than an unsupported assertion that the plaintiff might find useful evidence in the documents would be a perversion of justice." But the permission would not now be based upon such an

unsupported assertion; it would be based upon what I consider to be a proper showing of good cause. And in an action under the antitrust laws, based upon an alleged abuse of competition, a competitor's business records, where good cause has been shown, are not only not immune from inquiry, but they are precisely the source of the most relevant evidence.

 The second objection advanced by the defendant is that the production requested involves hundreds of thousands of items and compliance would virtually paralyze its regular business. But litigation is a normal risk of doing business, and the production of documents is a normal risk of litigation. If an extensive production is necessary to the fair conduct of litigation, then it, too, is a normal risk of doing business. "That production of documents would be burdensome and expensive and would hamper the party's business operations is not in itself a reason for refusing to order discovery which is otherwise appropriate." Moore's Federal Practice, 2nd ed., vol. 4, page 2476. Nevertheless, it is also appropriate for the court to be cautious in permitting discovery which might prove to be oppressive, and all avenues ought to be explored in an effort to eliminate or minimize hardship. One of those avenues, at least, is a more precise definition of the documents sought under a sharper concept of the nature of the material sought. It may be impossible to avoid designation by categories, but in this kind of a case the categorical description ought to be tightened up to the very best of counsel's ability. Lawyers seeking production normally err on the broad side, and the definition of the discovery sought here is no exception. I have no doubt that a redefinition could limit production materially without prejudicing the plaintiff in the least. In any event, I am unwilling to allow discovery of the items under consideration before the attempt is made. Therefore, the motion for discovery of these items will be denied, but without prejudice to a renewal (in due course in the regular motion part), at which time the propriety of the definition of the items may be an issue argued to the court.

Settle an order.