**SERVICE LIQUOR DISTRIBUTORS, Inc., Plaintiff,**

v.

**CALVERT DISTILLERS CORPORATION, Seagram Distillers Corporation, Calvert Distilling Company, Joseph E. Seagram and Sons, Inc., Ramapo Wine & Liquor Corporation, Charles Merinoff, Tubie Resnick, Victor A. Fischel, Harry Levinthal, Samuel Greenstein, and Moe Sheinig, Defendants.**

United States District Court,
S. D. New York.
Jan. 14, 1955.

See also D.C., 16 F.R.D. 507.

Lord, Day & Lord, New York City, for plaintiff.

White & Case, New York City, for defendant Calvert Distillers Corp. and others.

DAWSON, District Judge.

This is a motion made by Calvert Distillers Corporation and certain other defendants for an order, pursuant to Rule 34 of the Rules of Civil Procedure, 28 U.S.C.A., for the production of certain accounting records of plaintiff for the period from April 1, 1946 to April 30, 1954, or to the end of the latest fiscal year, whichever is later.

This is a triple damage action under the Clayton and Sherman Acts, 15 U.S. C.A. §§ 1–7, 15 note, 12 et seq., which alleges, in substance, that defendants conspired to destroy plaintiff's business because plaintiff refused to become a party to a conspiracy to fix wholesale prices and eliminate competition in the sale of distilled liquors at wholesale in New York.

The moving parties ask for the production of the documents of the plaintiff listed in the motion papers in connection with the issue of damages. It appears that plaintiff has furnished to defendants a memorandum setting forth its computation for damages, which indicates that its claim for damages falls into two categories:

(a) Out-of-pocket expenses incurred in connection with operation of Poughkeepsie Branch—$94,478.71.

(b) Loss of net profits on Calvert Line from the time of the withdrawal in the summer of 1950 to the time of commencement of the suit—$151,745.16.

This memorandum has on it the following statement:

"Plaintiff reserves the right to amend the complaint to increase its

claim for damages to cover the loss of profits by reason of the withdrawal of the Calvert Line during the period subsequent to the commencement of this suit."

The moving parties seek the production of voluminous accounting records of the plaintiff, the extent of which is shown in the footnote.[1]

The moving parties submit an affidavit in support of their motion by the manager of the accounting staff of Price, Waterhouse & Co., independent Certified Public Accountants, which indicates that those accountants had been requested to make a complete examination of the books and records of the plaintiff from April 1, 1946 to April 30, 1954 or to the end of the latest fiscal year, whichever is later. If such complete examination or audit were to be made, the books and papers requested might be appropriate. However, there seems, at the present time, no reason for making an audit of this nature. The moving parties indicate that the making of the examination would take several months and this despite the fact that the case should shortly be coming up for trial.

This motion illustrates the unwillingness of parties to proceed in a proper way to use the discovery procedures provided by the Rules of Civil Procedure. The proper use of those procedures would save the time of counsel and the Courts and save expense to litigants.

■ It would have been a simple matter for defendants to serve interrogatories upon the plaintiff requiring it to itemize each and every item of damage claimed by it; to set forth in detail the books, records and papers relied upon by the plaintiff to establish such damages; and to state what other books, records, and papers, if any, other than those set forth in the answer are to be used as the basis for evidence relating to, or furnish any information with respect to, the damages claimed by the plaintiff. On the basis of answers to such interrogatories, discovery and inspection of these particular books, papers and documents, and possibly other specific books, papers and documents could easily have been obtained since good cause could have been shown therefor. Defendants have failed to avail themselves of the opportunities afforded by that procedure. They certainly have shown no good cause for a roving commission to examine all the records of plaintiff, many of which may have no relevancy to the issue of damages, and which will only result in unnecessary delay and expense. See opinion on a motion made by the plaintiff in the same case, D.C., 16 F.R.D. 344, decided by me on November 5, 1954. See also memorandum by Judge Edelstein in the same matter dated December 27, 1954, D.C., 16 F.R.D. 507.

Plaintiff has indicated it has no objection to allowing discovery of the following books of original entry maintained by it in the regular course of business:

| | |
|---|---|
| Sales Journal | Cash Disbursement |
| Purchase Journal | Journal |
| Expense Journal | General Ledger |
| | Bank Statements |

---

1. Cash book, day book, journal, ledger, and supporting documents; detailed accounts receivable records; sales registers or tabulations and copies of invoices and shipping tickets; purchases registers or tabulations and vendor's invoices and receiving tickets; inventory records including breakage, sample and loss records; bank account records, including pass books, bank statements and receipted duplicates, or copies of deposit slips; and all other records of like nature pertaining to the business of Service Liquor Distributors and Service Liquor Distributors, Inc. between the dates set forth; check registers and cancelled checks; balance sheets and profit and loss statements; copies of all returns and reports and other communications and any correspondence with regard thereto, including income tax returns, required to be rendered and rendered to State and Federal Government, Departments, Commissions and other agencies, and all reports or working papers of independent accountants employed by Service Liquor Distributors or Service Liquor Distributors, Inc. for the period requested.

In addition to these books, I believe defendants should be entitled to the production of any balance sheets and profit and loss statements.

 In the absence of a showing of good cause for the production of any other books, papers or documents, the motion will be granted to the extent of directing the production of the foregoing original books of account and balance sheets and profit and loss statements and denied as to the balance of the documents set forth in the moving papers. This determination is without prejudice to the right of defendants, after they have completed their examination of the foregoing books and papers, to move for the production of any additional documents upon showing good cause, in the light of the documents examined by them, to establish that additional documents are necessary.

This merely leaves the question of the period of time for which this inspection shall be permitted. A period before and after the period for which damages are claimed may be appropriate for the purpose of discovery to determine whether the figures for the limited period covered by the complaint are representative. Therefore, the inspection shall cover the period from April 1, 1948 through April 1, 1952, provided that plaintiff stipulate that its damage claim for loss of profits on the Calvert Line is limited to the time from the withdrawal of this Line in the summer of 1950 to the time of the commencement of the suit. In the event that plaintiff does not so stipulate at or prior to the entry of the order herein, the production of the foregoing books shall cover the period to and including December 31, 1954.

The case is about to be reached for trial in the near future. Plaintiff cannot wait until the eve of trial and then amend its complaint to allege further damages and expect the defendants to be put to the trouble of making a further examination of the books covering a later period.

Submit order on two days' notice.