**RICHLAND WHOLESALE LIQUORS, INC., Plaintiff,**

v.

**JOSEPH E. SEAGRAM & SONS, INC., Browne-Vintners Company, Inc., and Ben Arnold Company, Inc., Defendants.**

Civ. A. No. AC–961.

United States District Court
D. South Carolina,
Columbia Division.

Aug. 29, 1966.

Frank B. Gary, Harold W. Jacobs and Thomas B. Pollard, Jr., of Cooper, Gary, Nexsen & Pruet, Columbia, S. C., for plaintiff.

W. C. Boyd, of Boyd, Bruton, Knowlton & Tate, Columbia, S. C., for defendants Joseph E. Seagram & Sons, Inc., and Browne-Vintners Co.

E. W. Mullins, Sr., of Nelson, Mullins, Grier & Scarborough, Columbia, S. C., for defendant Ben Arnold Co.

HEMPHILL, District Judge.

Plaintiff moves for production under Rule 34 of the following documents in possession and control of the defendant Ben Arnold Company, Inc.:

The financial statements and records of Ben Arnold Company, Inc., including copies of State and Federal Income Tax Returns for the years 1955 through 1965.

The motion recites that "each of the foregoing records and documents * * * constitutes or contains evidence relevant and material to the matter involved * * *." The matter involved is an action for an injunction and for damages to plaintiff's business brought about by alleged violations of the Sherman and Clayton Acts.

Defendant Ben Arnold Company objects that (1) "financial records" is not a sufficiently precise designation of the documents for production, and (2) that plaintiff has failed to show good cause for the inspection of the documents. The motion for production also specifies State and Federal Income Tax Returns for a period of years and the defendant concedes that the designation of these documents is sufficient but does include these documents under the objection as to there being a lack of good cause shown.

 With the liberality accorded the construction of the Rules and the gradual relaxation of the degree of particularity required[1] the test that has evolved is whether the documents have been described with reasonable particularity.[2] It is a relative test depending on the circumstances of each case. A review of the cases collected in 2A Barron & Holtzoff, Federal Practice & Procedure section 799 (Wright Ed. 1961) indicates that a designation by category[3] or subject matter[4] is reasonable under most circumstances and that designations that are chiefly "any and all documents * * *" are generally wanting.[5] Though the documents in question in this instance are limited to "Financial records" that designation would seem to embrace every paper from sales stubs on a spike through the annual report. In United States v. American Optical Co., 2 F.R.D. 534 (S.D.N.Y.1942), Judge Woolsey stated the reason for the requirement of *designation* and how clear the designation must be was that the Judge who grants the order must be able to settle the terms of it so as to know whether it had been complied with. This statement was made of course by a court that held to a very rigid standard of particularity but to some extent the logic still obtains.

 Plaintiff contends that the records contain information relevant and material to the issue of damages and conspiracy. Under such a sweeping requisition the objection that there has not been good cause shown also becomes valid. There must be *good cause shown* to produce *designated* documents—hence the relation. In Service Liquor Distributors v. Calvert Distillers Corp., 16 F.R. D. 344 (S.D.N.Y.1954) the court discussed *good cause* considerations which are pertinent here in that aspect, and also, in the aspect of particularity of designation:[6]

Certain items from those documents may be relevant, but this is no reason

1. See Wright, Federal Courts § 87 at 336 (1963).

2. E. g. Roebling v. Anderson, 103 U.S.App. D.C. 237, 257 F.2d 615 (1958).

3. 2A Barron & Holtzoff, Federal Practice & Procedure § 799 at 454–55 and cases at n. 19 (Wright Ed. 1961).

4. G & P Amusement Co. v. Regent Theater Co., 9 F.R.D. 721 (N.D.Ohio 1949).

5. 2A Barron & Holtzoff, Federal Practice & Procedure § 799 text accompanying n. 20 and cases collected at n. 20 (Wright Ed. 1961).

6. Service Liquor Distributors v. Calvert Distillers Corp., 16 F.R.D. 344, 347 (S.D. N.Y.1954).

for giving the plaintiff a roving commission to get not merely those items but also the details of a business that may have no relevancy to the lawsuit, but which would be delectable nuggets of information for a competitor.

To allow a plaintiff the sweeping investigation into all of the business affairs of its competitor on no more than an unsupported assertion that the plaintiff might find useful evidence in the documents would be a perversion of justice. * * * A litigant is entitled to some privacy on matters not directly relevant to the lawsuit.

From the Order as reported it is ascertainable that the request for production in that case included among others the financial records of the defendant, but the designation went further and specified income statements, balance sheets, Federal income tax returns, journals, ledgers or other books of original entry concerning the sale of liquor. In that case the designation was found wanting even though it was more precise than the situation at hand. Although the plaintiff contends that the records contain information which is relevant and material to the issues of conspiracy and damages the sufficiency of the showing of good cause cannot be tested until the documents are adequately designated.

■ Denial of the motion for insufficient designation is without prejudice to a renewal of a motion upon an adequate designation.[7] If the plaintiff is without sufficient information at present to particularize further "he may take despositions under Rule 26 or proceed by interrogatories under Rule 33 to acquire the necessary information as to the particular documents relative to the matters within the scope of discovery." [8]

The request for State and Federal income tax returns for the specified years is conceded to be adequately designated, however the same considerations against giving a competitor entrée into one's business affairs obtain here as well. In Weisenberger v. W. E. Hutton & Co., 35 F.R.D. 556 (S.D.N.Y.1964), the court commented on the discoverability of income tax returns, saying:

There is no privilege for income tax returns but the courts have been reluctant to order their production. People are normally opposed to the invasion of their privacy by exposure of the details contained in an income tax return. In the hands of the Government, these returns are confidential. * * * Unless clearly required in the interest of justice, litigants ought not to be required to submit such returns as the price for bringing or defending a lawsuit.

Judge Bryan reviewed the cases a few years ago and concluded that income tax returns should be ordered produced 'where a litigant himself tenders an issue as to the amount of his income' (for example, loss of wages from personal injury, loss of income from violation by defendants of the antitrust laws, et.) and not otherwise. Kingsley v. Delaware, L. & W. Ry. Co., 20 F.R.D. 156, 158 (S.D.N.Y.1957). There are decisions that even where the income of a litigant is in issue, the returns should not be ordered produced. See, for example, United Motion Theatre Co. v. Ealand, 199 F.2d 371 (6th Cir. 1952), O'Connell v. Olsen & Ugelstadt, 10 F.R.D. 142 (N.D.Ohio 1949).

Another recent case expresses the opinion that "the production of tax returns should not be ordered unless it clearly

---

7. 2A Barron & Holtzoff, Federal Practice & Procedure § 799 at 457 and cases cited n. 25 (Wright Ed. 1961).

8. E. g., Service Liquor Distributors v. Calvert Distillers Corp., 16 F.R.D. 344

(S.D.N.Y.1954); 2A Barron & Holtzoff, Federal Practice & Procedure § 799 at 458 and case collected at n. 26 (Wright Ed. 1961).

appears they are relevant to the subject matter of the action or to the issues raised thereunder, and further, that there is a compelling need therefor because the information contained therein is not otherwise readily obtainable." Cooper v. Hallgarten & Co., 34 F.R.D. 482 (S.D.N.Y.1964). See also Garrett v. Faust, 8 F.R.D. 556 (E.D.Pa.1949). A similar result was reached in United Motion Theatre Co. v. Ealand, 199 F.2d 371 (6th Cir. 1952) (per curiam) (tax returns stricken from the order to produce).

■ It does not appear to the court that the relevancy of the tax returns has been clearly established, but, assuming the relevancy of the tax returns, it further appears, at this juncture, that there has been no showing of a compelling need for the tax returns because the information is not readily obtainable otherwise.

In view of the foregoing authorities the court is constrained to deny the motion to produce the "financial statements and records" and the state and federal income tax returns for the years requested.

The motion is denied.

And it is so ordered.