EVERCO INDUSTRIES, INC., an Illinois corporation, Plaintiff,

v.

O.E.M. PRODUCTS COMPANY, a Delaware corporation, Defendant.

No. 73 C 589.

United States District Court, N. D. Illinois.

July 5, 1973.

---

7. The Court notes that defendant Rankin wears a hairpiece, though not on the flight line because of inconvenience.

Edward C. Threedy and Clarence E. Threedy, Threedy & Threedy, Manuel J. Robbins, Robbins, Coe, Rubenstein & Shafran, Ltd., Chicago, Ill., for plaintiff.

Marcia B. Orr, James D. Griffith, David H. Pauker, Pauker & Griffith, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This is an action to redress alleged copyright infringement, unfair and deceptive trade practices, and unfair competition. Jurisdiction is alleged to be conferred on this Court by 28 U.S.C. § 1338.

This cause comes on the Plaintiff's objections to the Defendant's request for documents at the time of taking depositions.

The Plaintiff Everco Industries, Inc. ("Everco") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois. The Defendant O.E.M. Products Company ("O.E.M.") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Chicago, Illinois.

Both the Plaintiff and Defendant are engaged in the business of selling and distributing automotive parts through periodically issued catalogs, catalog sheets, and advertising and promotional material.

The Plaintiff in its complaint specifically alleges that the Defendant has willfully and knowingly infringed the Plaintiff's copyrights by having produced and distributed catalogs identified as Catalog No. 472 entitled "OEM Temperature Control Parts" and Catalog No. 172 entitled "OEM Brake Lines & Tubing", which catalogs are alleged to contain a substantial quantity of materials copied from plaintiff's copyrighted works; and by distributing a substantial quantity of these infringing catalogs to jobbers and users.

The Defendant's request for the Plaintiff to produce documents at the time of taking certain depositions states in relevant part:

"All brake line catalogs published by Plaintiff since January 1, 1959; all heat control valve catalogs published by Plaintiff since January 1, 1963; all contracts and correspondence between Everco Industries, Inc. or its predecessor corporation, from January 1, 1959 to date, and American Parts Co. and Dole Division of Eaton Manufacturing Co. and Belkamp Division of

NAPA and Perfect Parts Co. and Champ Items Co."

The Defendant's request for production of documents can be substantively divided into two categories, namely: (1) the request for catalogs, and (2) the request for contracts and correspondence.

The Plaintiff in support of its objection to the Defendant's request for production of documents contends:

(1) The request is couched in language so broad that it becomes apparent that it is a "fishing expedition";

(2) The Defendant has not demonstrated a need for the documents sought for preparing a defense to the issues raised by the Complaint which are founded upon copyright infringement with additional issues as to unfair competition and unfair trade practices;

(3) Plaintiff objects to the request to produce because such request calls for matters considered to be of a highly confidential nature.

It is the opinion of this Court that the Plaintiff's objections to the request for all contracts and communications between the Plaintiff and certain other companies is well taken but that its objection to the production of catalogs is without merit.

## I. PLAINTIFF'S OBJECTION TO THE PRODUCTION OF CATALOGS IS WITHOUT MERIT

■ The Plaintiff has instituted this action to redress an alleged infringement of its copyright on certain catalogs and material contained therein. It is clear that the Defendant's request for production of catalogs which are material to this cause of action is reasonable and should be allowed. See generally Lundberg v. Welles, 11 F.R.D. 136 (S. D.N.Y.1951).

## II. PLAINTIFF'S OBJECTION TO THE PRODUCTION OF ALL CONTRACTS AND COMMUNICATIONS WITH CERTAIN COMPANIES IS MERITORIOUS

■ Even though this is an action for copyright infringement and unfair practices, it is important to remember that the Plaintiff and Defendant are competitors. By the very nature of the parties business relationships, there are certain documents which are confidential and should not be discovered without sufficient cause. Bercow v. Kidder, Peabody & Co., 39 F.R.D. 357 (S.D.N.Y. 1965); Ellis-Foster Co. v. Union Carbide & Carbon Corp., 159 F.Supp. 917 (D.N.J.1958).

■ The Defendant's request for *carte blanche* production of all contracts and communications between Plaintiff and certain other companies is not a properly defined request for production given the potentially confidential nature of many of the documents. Service Liquor Distributors v. Calvert Distillers Corp., 16 F.R.D. 507 (S.D.N.Y.1955). The Defendant has not demonstrated to this Court the materiality and relevancy of such open-ended discovery. See National Utility Service Inc. v. Northwestern Steel & Wire Co., 426 F.2d 222 (7th Cir. 1970).

Thus it is the opinion of this Court that the Defendant's request, as it presently stands, for production of all contracts and communications between Plaintiff and certain companies is improper and overbroad.

Accordingly, it is hereby ordered: (1) the Plaintiff's objections to the Defendant's request for production of the requested catalogs is overruled and (2) the Plaintiff's objections to the Defendant's request for the production of all contracts and communications between Plaintiff and certain named companies is sustained.