William BARNETT, Plaintiff,

v.

SEARS, ROEBUCK AND CO., a New York Corporation, Defendant and Third-Party Plaintiff,

v.

WESTINGHOUSE ELECTRIC CORPORATION, a Pennsylvania Corporation, Third-Party Defendant.

No. CIV–77–0519–D.

United States District Court, W. D. Oklahoma.

June 30, 1978.

Patrick H. Kernan, Oklahoma City, Okl., for plaintiff.

William H. Henderson, Oklahoma City, Okl., for Sears, defendant and third-party plaintiff.

Robert S. Baker, Oklahoma City, Okl., for Westinghouse, third-party defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is a negligence action arising from an accident on January 2, 1976 whereby Plaintiff was injured while riding an escalator at a Sears, Roebuck and Co. store in Oklahoma City. Plaintiff alleges that Sears was negligent in the operation and maintenance of the escalator. Sears has filed a Third-Party Complaint herein against Westinghouse Electric Corporation alleging that Westinghouse had designed, constructed and installed the escalator involved in the accident and had contracted to maintain the equipment in safe operating condition. It is asserted that this Court has jurisdiction of the action by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332. The matter is now before the Court for consideration of Plaintiff's Motion to Compel Sears to answer certain interrogatories propounded to it by Plaintiff and Westinghouse's Motion to Dismiss the Third-Party Complaint filed herein by Sears. The Court will consider these motions separately.

### MOTION TO COMPEL

Pursuant to Rule 37(a)(2), Federal Rules of Civil Procedure, Plaintiff moves the Court for an order compelling Sears to answer the following interrogatories:

INTERROGATORY NO. 2:

Identify any writings, documents, tapes or other permanent records concerning any other accidents or near accidents reported to you which occurred on any of the escalators at your store on Northwest 23rd Street and Pennsylvania Avenue in Oklahoma City, Oklahoma, whether such accidents or near accidents occurred before or after Mr. Barnett's accident on January 2, 1976.

INTERROGATORY NO. 5:

With regard to each accident or near accident which has occurred on any of the escalators at your store on Northwest 23rd Street and Pennsylvania Avenue in Oklahoma City, Oklahoma, please give the following information:

(a) The name, address and telephone number of each person involved in the accident or near accident.

(b) The date and time of each such accident or near accident.

(c) The exact escalator upon which such accident or near accident occurred.

(d) Whether each such accident or near accident resulted in a lawsuit and, if so, the style, case number and court in which said suit was filed.

(e) The type or nature of each such accident or near accident. (Example, slipping on foreign substance, losing balance, being caught by the escalator, etc.)

Sears furnished the following answer to both interrogatories:

ANSWER NO. 2:

Objection. Plaintiff is not entitled to information requested on all escalators. The Sears, Roebuck and Co.'s store at 2101 NW 23rd Street in Oklahoma City has four separate escalators in it and this plaintiff has failed to identify either in his petition or these interrogatories which one of the four escalators on which he alleges this incident occurred.

In his brief in support of his motion to compel, Plaintiff contends that the requested information relating to accidents or near accidents on the escalators at the Sears store in question is not unnecessarily burdensome on Sears to produce and is well within the penumbra of information discoverable under the federal rules. In accordance with Local Court Rule 13(d), he advises the Court that he has conferred in good faith with counsel for Sears in an unsuccessful effort to obtain the information sought without assistance from the Court.

In its reply to Plaintiff's motion, Sears contends that it is unreasonable, unnecessarily burdensome and beyond the scope of the office of the interrogatory to demand that Sears produce all records of all accidents or near accidents on all escalators. It states that the four escalators at the store involved herein have been in operation for almost 25 years, and that due to the heavy volume of daily traffic in the store, the reports of accidents or near accidents over that period of time from all causes and for all escalators are voluminous. Sears asserts that Plaintiff's discovery should be limited to the particular escalator and type of accident involved in his accident and to a specified reasonable number of years.

Rule 26(b)(1), Federal Rules of Civil Procedure, provides in part that discovery may be obtained "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." The discovery rules are to be accorded a broad and liberal treatment. *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). However, though the scope of discovery is broad, it is not unlimited. *Miller v. Doctor's General Hospital*, 76 F.R.D. 136 (W.D. Okl.1977). The courts have restricted discovery when found to be too broad and in particular in regard to "open-ended" requests. *Everco Industries, Inc. v. O. E. M. Products Co.*, 362 F.Supp. 204 (N.D.Ill.1973); *Balistrieri v. O'Farrell*, 57 F.R.D. 567 (E.D. Wis.1972).

■ Upon consideration of Plaintiff's Motion to Compel, the Court concludes that the interrogatories involved in this dispute are overbroad and burdensome. The interrogatories constitute an open-ended request for virtually all information relating to all other accidents or near accidents at the Sears store, for a period of almost 25 years. The preparation of answers to those interrogatories would require an unreasonable amount of time by Sears. The Plaintiff has not satisfied the Court that the value of the information sought justifies the burden imposed upon Sears.

Accordingly, Plaintiff's Motion to Compel is overruled.

## MOTION TO DISMISS

In its Third-Party Complaint, Sears apparently seeks recovery against Westinghouse under a theory of common law indemnity as well as Westinghouse's alleged breach of a maintenance contract it had with Sears at the time of Plaintiff's accident. Westinghouse asks that the Third-Party Complaint be dismissed on the grounds that Plaintiff has not and cannot join Westinghouse as a primary defendant herein and that the purported joinder of Westinghouse by Sears is improper. Sears contends that Westinghouse is a proper third-party defendant under Rule 14(a), Federal Rules of Civil Procedure, as Westinghouse is fully liable to Sears for Plaintiff's claim and is not a joint tortfeasor with Sears.

Rule 14(a), *supra*, provides that a defendant in a case may implead as a third-party defendant any "person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Thus, all that is required for a proper third-party complaint under Rule 14(a) is a third-party defendant who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff and it is not necessary that the third-party defendant be directly liable to the plaintiff as Westinghouse suggests. *Niece v. Sears, Roebuck & Co.,* 293 F.Supp. 792 (N.D.Okl.1968), involved a factual situation virtually identical to that of the instant case and held that the third-party plaintiff therein had stated a claim for indemnity and breach of contract against the third-party defendant under allegations very similar to those in the Third-Party Complaint in the instant case. Therefore, the Court finds and concludes that Sears' Third-Party Complaint is proper in view of *Niece v. Sears, Roebuck & Co., supra,* and that Westinghouse's Motion to Dismiss should be overruled.