Brennan, J.
In this case, plaintiff, Donovan Construction Company (“Donovan”) brought suit against defendants, William H. Dubner et als. (“Rolling Hills”) to recover $8,525.51, the balance due it for a parking lot paving job. Rolling Hills answered, moved to amend the answer and filed a Cross Complaint which brought counterclaims against Donovan for alleged defects in the paving job. Included in the cross complaint Rolling Hills brought a third party complaint alleging that Scalise-Knysh improperly supervised Donovan. Scalise-Knysh then brought a “fourth party complaint” againstDonovanforindemnificationin the eventthat Scalise-Knysh was held liable for Donovan's poor workmanship.
After trial in December 1988, judgment entered as follows:
(1) On the Complaint, Donovan vs. Rolling Hills, for Donovan in the amount of $7,175.25;
(2) On the Counterclaims, Rolling Hills vs. Donovan, for Donovan with Rolling Hills taking nothing;
(3) On the Third Party Complaint, Rolling Hills vs. Scalise-Knysh, for Rolling Hills in the amount of $2,000; and
(4) On the Fourth Party Complaint, Scalise-Knysh vs. Donovan, for Donovan with Scalise-Knysh taking nothing.
FACTS
This case was reported to the Appellate Division of the District Court on a report from Judge Scullary and at the request of Scalise-Knysh Associates (“Scalise-Knysh”), the third party defendant. Scalise-Knysh claims to be aggrieved by the Court's finding and judgment as follows:
(1) “The Court finds for the defendant, Trustees of Rolling Hills Condominium Trust (“Rolling Hills”), against cross-defendant, Scalise-Knysh, and awards damages in the amount ofTwo Thousand ($2,000.00), together with interests and costs.”
(2) “That the third party plaintiff, Rolling Hills recover of the third party defendant, Scalise-Knysh, the sum of $2,000.00, with interest from September 17, 1986 as provided by law, plus costs.”
(3) “The Court finds for the fourth party defendant, Donovan Construction Com *48 pany ("Donovan”), in an action brought against it by Scalise-Knysh
(4) “Thatthe fourth party plaintiff, Scalise-Knysh, take nothing, that the action be dismissed as to the fourth parly defendant Donovan.”
Additionally, Scalise-Knysh is aggrieved by the Court's denial of its post-judgment Motion to Alter or Amend Judgment
Scalise-Knysh asserts that the trial judge erred by awarding non-indemnification damages against Scalise-Knysh. It asserts that the trial judge was limited to awarding indemnity to Rolling Hills on its third party claim against Scalise-Knysh, if at all. Citing SMITH AND ZOBEL, RULES OFPRACTICE, 6 Mass. Practice Series, § 13.4 and several Federal District Court cases from New York, Scalise-Knysh asserts that Rolling Hills' claim against it is a third party action (under Mass. R. Civ. P., Rule 14) rather than a cross-claim (under Mass. R. Civ. P., Rule 13). To further support this claim, Scalise-Knysh states the following three allegations:
(1) Rolling Hills' claim cannot be a cross-claim because itwas not brought against a co-party as is required by Rule 13 (g), and Rolling Hills did not move to have Scalise-Knysh added as a co-defendant.
(2) The Court recognized the fact that Rolling Hills' claim against Scalise-Knysh was a third party claim when it awarded judgment to Rolling Hills as ‘Third Party Plaintiff.”
. (3) Scalise-Knysh brought a fourth party complaint, the existence of which has not been challenged by the other parties on procedural grounds, and the necessary implication is that a claim so-named was preceded by a third party claim.
Scalise-Knysh asserts that as a third party plaintiff, Rolling Hills may recover only indemnification from it, if at all. Further, it states that impleader is only proper if Scalise-Knysh was potentially or actually liable to Rolling Hills for at least a portion of Rolling Hills' liability to Donovan. Further, it asserts that impleader only would be proper if Scalise-Knysh related to Rolling Hills as indemnitor to indemnitee.
Rolling Hills contends that the trial judge did not abuse his discretion either in awarding them $2,000.00 or in denying Scalise-Knysh's Motion to Alter or Amend Judgment. In support of that position, Rolling Hills relies on the language of the following Massachusetts Rules of Civil Procedure: 14,19 (a) (1), 19 (a) 2 (ii), 20, and 1. Under Mass. R. Civ. P., Rule 14, Rolling Hills contends that Scalise-Knysh may be joined as a third party defendant because it is or may be liable to Rolling Hills for all or part of its claim.
The questions presented for our consideration are whether the trial judge erred or abused his discretion in finding in favor of Rolling Hills on their claim against Scalise-Knysh and whether the trial judge erred in denying Scalise-Knysh's Motion to Alter or Amend Judgment?
The trial judge did not err in his finding in favor of Rolling Hills or in denying Scalise-Knysh's Motion to Alter or Amend. The initial inquiry required of this court is whether Scalise-Knysh was joined as a cross-claim under Rule 13 (g) or Rule 13 (h), or a third party complaint, under Rule 14 (a).
Rule 13 (g) of the Massachusetts Rules of CM Procedure states:
(g) Cross-Claim Against Co-Party. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-complaint
Rule 13 (h) of the Massachusetts Rules of CM Procedure states:
(h) Joinder of Additional Parties. Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20.
Rule 13 (g) expressly limits cross-claim to “a co-party who is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross- *49 claimant for all or part of a claim asserted in the action against the cross-complainant. Under Federal case law interpreting this rule, co-party has been construed to mean “any party who is not an opposing party.” Under such an inteipretation, Scalise-Knysh could be construed to be a co-party.
Rule 13 (g) offers perhaps the best results. This rule does not require the action be between co-parties. Further, Rule 13 (h) permits additional parties to be brought into the case if their presence is required for granting complete relief. The main purpose ofthis ruléis to dispose of actionsin their entirety andgrantcomplete relief to all concerned parties. Therefore, in order to foster judicial economy and avoid multiplicity of litigation, courts construe this provision liberally.
Rule 14 is procedural and does not affect the substantive rights of the parties. A complaint brought under Rule 14 does not limit the complainant's recovery to indemnification damages. Indeed, Rule 14 does notrestrict impleader to indemnity or contribution, butrequires that an attempt by the original defendants attempting to pass to the third party the burden of some or all of the plaintiffs claim. All that is needed is that the third party defendants or may be liable. Itisnotnecessary that the third party be directly liable to the plaintiff. However, a third party claim may be asserted only if the third party's liability is in some way secondarily liable to the defendant Because the defendant's claim against Scalise-Knysh arose out of the same paving job as the original action, it is not an independent claim, but integrally related to thefirstclaim.Accordingto Rolling Hills, its refusal to pay theplaintiffwas a direct result of Scalise-Knysh's recommendation. Therefore, this cause of action is appropriately brought as a third party claim under Rule 14.
Regardless of which rule this court applies to join Scalise-Knysh, their Joinder does not appear to be an error. However, even if Scalise-Knysh was joined improperly, this error would fall into the category of “harmless error” governed by Rule 61. Under the same rule altering or amending the judgment is also inappropriate in the circumstance of this case, under that same rule.
Therefore, in theinterestofjudicial economy and to avoid multiplicity of suits, the Scalise-Knysh matter should have been heard with the original complaint.
It appears thatRolling Hills could maintain a legitimate cross-claim under Rule 13 (h) because the trial court had broad discretion and could liberally interpret this section, thereby ensuring judicial economy and avoiding duplicitous litigation by adding Scalise-Knysh.
Scalise-Knysh, in its Appellate Brief, states that Rolling Hills' action against it cannot be a Rule 13 cross-claim because it is not a “co-party”. However, if the court chose to interpret Rolling Hills' action as a cross-claim under Rule 13 (g) (which requires a co-party), the “co-party” issue could be resolved by applying the reasoning of a recent Federal Court Decision, in Georgia Ports Authority vs. Construzioni Meccaniche Industriali Genovesi, S.P.A., 119 F.R.D. 693 (1988), in which the plaintiff brought an action against the defendants, a contractor and the surety for breach of contract to supply and erect two cranes. Id. at 694. The surety filed a third party complaint against a subcontractor responsible for erection. Id. Subsequently, the contractor filed a cross-claim against the subcontractor. Id. The subcontractor argues that the contractor's cross-claim against it should be dismissed because the contractor and subcontractor are not “co-parties,” as required by Rule 13 (g). Id.
In analyzing the situation, the court stated that “an authoritative definition of ‘co-party’ is nowhere to be found.” Id. However, the court stated that to construe Rule 13 (g) as not encompassing claims asserted by the original defendants against the third party defendants would force additional, independent actions to be filed. Id. Accordingly, the court construed “co-party” to mean “any party that is not an opposing party.” Id. Further, the court noted that even if the subcontrctor's construction of Rule 13 (g) was correct, any technical objection to the contractor's cross-claim “would appear to have been waived by delay in pressing it.” Id. at 695, footnote 2.
*50 Applying the case before this courtto the above holding, Rolling Hills' cross-claim against Scalise-Knysh would be appropriate because it is against a party who is not the opposingparty. Even if this courtbelieved thatthe cross-claim was procedurally incorrect, any technical objection byScalise-Knysh also appears to be waived by the delay in pressing it. '*
Rule 14 of the Massachusetts Rules of Civil Procedure governs procedure in the District Court.
Rule 14 states:
At any time after commencement of the action a defending party, as a third party plaintiff, may cause a summons and complaint to be served upon a person who is or maybe liable to him for all or part of the plaintiffs claim against him...
Availability of third party procedure is intended to facilitate, not preclude, trial or multiple claims which otherwise would be triable only in separate proceedings. United States vs. Yellow Cab Co., 340 U.S. 543, 71 S. Ct. 399 (1951). The policy underlying Rule 14 is to promote judicial economy by eliminating circuity of action, but in order to be effective, Rule 14 must be construed liberally. Powell, Inc. vs. Abney, 83 F.R.D. 482 (S.D. Tex. 1979); see also Waylander-Peterson Co. vs. Great N.R. Co., 201 F. 2d 408 (cir. 8 193). This rule's purpose is to save time, prevent duplication of evidence, avoid circuity of actions, and settle related matters in one proceeding. Williams v. Skibs A/S Hilda Knudsen, 28 F.R.D. 398 (E.D. Pa. 1960). Further, rule 14 is procedural only and does not affect substantive rights of the parties. Love vs. Temple University of Commonwealth System of Higher Education, 366 F. Supp 835 (E.D. Pa. 1973).
The words “may be liable” in Rule 14 mean that the defendant is permitted to join someone against who a cause of action has not yet accrued, provided that his claim is contingent upon the success of the plaintiff's action and will accrue when the defendant's liability is determined in the main action. Fraley vs. Worthington, 64 F.R.D. 726 (D.C. Wyo. 1974).
Scalise-Knysh contends that a third party action by Rolling Hills is limited to indemnification damages, if any at all. However, Rule 14 (a) does not restrict impleader to indemnity or contribution, but essentially requires as a condition for a valid third party action an attempt by the defendant to pass to third party the burden of some or all of the plaintiffs claims. Ethengain vs. Hook, 242 F. Supp. 70 (E.D. Pa. 1965). Indeed, Rolling Hills' claim is that Scalise-Knysh's negligent supervision and instructions resulted in Rolling Hills refusal to pay the plaintiff the money which is the basis of their claim. All that is required for a proper third party complaint under Rule 14 (a) is that a third party defendant is or may be liable to the third party plaintiff for all or part of the plaintiff's claim, and it is not necessary that the third party defendant be directly liable to the plaintiff. Barnett vs. Sears, Roebuck & Co., 80 F.R.D. 662 (W.D. OKLA. 1978). A third party claim may be asserted only if the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant. Hanhauser vs. United States, 85 F.R.D. 89 (M.D. Pa. 1979). Secondary or derivative liability notion is central, and it is irrelevant whether the basis of the third party claim is indemnity, subrogation, contribution, express or implied warranty or some other theory. Id. In the case before this court, Rolling Hills claim against Scalise-Knysh arose out of the same work (Donovan's paving job), although different contracts. Although Rolling Hills' claim against Scalise-Knysh does not call for indemnification, it is not an independent claim, but is integrally related to the primary action. According to Rolling Hills, its refusal to pay the plaintiff was a direct result of Scalise-Knysh's recommendation. Therefore, it is appropriate subject matter for a third party action.
.'BothrRules-lS'fe) and 14 (a) were designed to avoid multiplicity of litigation, particularly iniprotyactedvíánii;complicated suits, by adjudicating in one action all claims arisitfg-p.utof substantiaUy thesamefactual situation. Lyons vs. Marrud, Inc., 46 F.R.D. 451 (S.D. NY 1968). Therefore, regardless of which rule this court should *51 choose to join Scalise-Knysh to this action, its addition is appropriate.
The trial judge did not err in denying Scalise-Knysh's Motion to Alter or Amend thejudgmentbecause the error, if any, in joining Scalise-Knysh,would be harmless because it did not cause prejudice to Scalise-Knysh or substantially effect their rights.
Rule 61 of the District/Municipal Court Rules states:
No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside afinding or vacating, modifying or otherwise disturbing ajudgment or order, unless refusal to take such action appears to the court to be inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial right of the parties.
In the interest of judicial economy and to avoid multiplicity of suits, the action against Scalise-Knysh should be heard together with the Donovan vs. Rolling Hills claim. Much of the evidence and witness are the same. Further, Scalise-Knysh has participated in this litigation for over two years, raising no complaint to their addition in the suit until after judgment was entered against it. Whether this court determines that Scalise-Knysh should be joined under Rule 13 (g),13 (h) or 14 (a), they are appropriate parties to tins action. Any error in the pleadings is harmless and should be disposed of by application of Rule 61.
The trial judge may have foreseen this problem, because his judgment against Scalise-Knysh is phrased twice. Under “Finding and Decision” by Judge James J. Scullary, paragraph three states:
Court finds for the Defendant, Trustees of Rolling Hills Condominium Trust, against Cross-Defendant, Scalise-Knysh Associates, and awards damages in the amount of Two Thousand ($2,000.00) Dollars, together with interest and costs.
However, under “Judgment (Rule 58)” paragraph three states:
That the Third Party Plaintiffs, Trustees of Rolling Hills Condominium Trust, recover ofthe third party defendant,Scalise-KnyshAssociates,The sum of $2,000.00, with interest from September 17,1986 as provided by law, plus costs.
For the above reasons the judgment against Scalise-Knysh should stand.