[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR PROTECTIVE ORDER
The issue before the court is whether the defendants' motion for protective order should be granted.
The plaintiffs, Joanne and Nicolo Carlino, filed a 12 count complaint on December 13, 1991, seeking to recover for injuries sustained by Joanne Carlino when she slipped on a patch of ice while exiting the Bungay School, which is located in Seymour, Connecticut. The plaintiffs filed a revised 12 count complaint on May 8, 1992, which asserts negligence and loss of consortium claims against the following defendants: the Town of Seymour; Salvador Bicari, a Department of Public Works foreman; Richard Cole, chairman of the Board of Education; Eugene Coppola, the Superintendent of Schools; Violet Brennan, Principal of the Bungay School; and John Giblin, head custodial of the Bungay School.
On May 22, 1992, defendants Cole, Giblin, Coppola and Brennan filed a motion for protective order pursuant to Practice Book 221, concerning 109 interrogatories and 46 requests for production CT Page 8322 served upon them by the plaintiffs. The defendants argue that these interrogatories and requests are "oppressive and unduly burdensome", both in quantity and scope.
On June 1, 1992, the plaintiffs filed an objection to the defendants' motion for protective order. The plaintiffs contend that "these interrogatories and requests for production are reasonably calculated to lead to discovery of admissible evidence." The plaintiffs filed a memorandum of law in opposition on June 11, 1992.
The granting or denial of a discovery request rests in the sound discretion of the court. Standard Tallow Corp. v. Jowdy,190 Conn. 48, 57, 459 A.2d 503 (1983).
The purpose of a protective order is to "protect a party from annoyance, embarrassment, oppression or undue burden or expense." Practice Book 221. All questions put forth during discovery, including those objected to, are to be answered, "unless the objecting party procures from the court a protective order precluding or limiting the scope of disclosure or discovery." Pavlinko v. Yale-New Haven Hospital, 192 Conn. 138, 143,470 A.2d 246 (1984). Upon a motion by the objecting party, and for good cause, the court may order any of the following:
 (1) that the discovery not be held; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed by opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.
Practice Book 221.
"The party seeking to bar [discovery] must make a threshold showing that there is `good cause' that the protective order issue." Associated Construction Co., Inc. v. City of Milford,4 CSCR 130, 131 (December 28, 1988, Kulawiz, J.). A factor that has been considered in deciding to grant a protective order is the existence of other less burdensome means of discovery. Hardisty v. CT Page 8323 Zoning Commission of the Town of Woodbury, 2 CSCR 433 (March 10, 1987, Gill, J.). "The showing must involve a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Id.
Since Practice Book 221 is virtually identical to Federal Rule of Civil Procedure 26(c), federal case law is appropriate authority for motions for protective orders pursuant to Practice Book 221. Associated Construction Co. v. Milford, supra, 131. In ruling on a motion for protective order, a threshold question is whether the request for information is "reasonably calculated to lead to the discovery of admissible evidence." Cornaglia v. Ricciardi, 18 F.R.D. 1323, 1328 (E.D.Pa. 1974). The fact that answering numerous interrogatories may be burdensome, it is not a bar if they are relevant. Clark v. General Motors Corp., 20 Fed.R. Serv.2d 679, 682 (D.Mass. 1975). However, where the relevance of the interrogatories was "tangential to the litigation", and where answering the interrogatories required the defendant to search through corporate records at great expense, the plaintiff was directed to "serve a more definite, concise and reasonable number of interrogatories" on the defendant. Kolta v. Tuck Industries, Inc., 20 Fed.R. Serv.2d 1049, 1051 (S.D.N.Y. 1975). Also, the court should consider the nature of the underlying action. For example, in a complex antitrust case, voluminous interrogatories and requests for production may be permissible. See In re Shopping Carts Antitrust Litigation, 95 F.R.D. 299
(S.D.N.Y. 1982) (interrogatories seeking identification of meetings and communications discussing price, including specifics as to dates, were not unduly burdensome). However, such detailed information may be unduly burdensome in the context of a slip and fall case. See Barrett v. Sears Roebuck Co., 80 F.R.D. 662
(W.D.Okla. 1978) (where plaintiff, who was injured on a store escalator, requested information relating to all records of all accidents on all escalators in the store, the court ruled that this request was overly burdensome).
The court concludes that a protective order should not issue.
William J. McGrath, J.