L. E. BREWER and Wife, Fannie Bess Brewer, et al., Plaintiffs,

v.

SHECO CONSTRUCTION COMPANY, Tennessee Valley Authority, E. R. Carpenter Company, Defendants.

No. 1492.

United States District Court,
W. D. Kentucky,
Bowling Green Division.

June 21, 1971.

—◆—

G. S. Milam and James C. Milam, Russellville, Ky., for plaintiffs.

P. V. Jackson III, Nashville, Tenn., for Sheco Const. Co.

Robert H. Marquis, Gen. Counsel, Thomas Pedersen, Sol., David G. Powell and Charles D. Weaver, Jr., Knoxville, Tenn., for TVA.

Jesse L. Riley, Jr., Russellville, Ky., for E. R. Carpenter Co.

## MEMORANDUM

SWINFORD, District Judge.

This case, having been properly removed to this court from the Logan Circuit Court of Kentucky by the defendants, is before the court for consideration of a motion by the Tennessee Valley Authority (hereinafter the T.V.A.) to dismiss the complaint for failure to state a claim upon which relief may be granted.

The plaintiffs are suing the defendants for injuries to their properties allegedly sustained because of concussions from blasting and excavating activities undertaken by the defendants. The plaintiffs assert that under Adams & Sullivan v. Sengal, 177 Ky. 535, 197 S. W. 974 (1917) the defendants are strictly liable without proof of negligence.

The gravamen of the T.V.A.'s motion to dismiss concerns how and to what degree it, as a governmental agency, may be held liable for its torts.

 Generally it can be assumed that governmental agencies and the employees thereof possess sovereign immunity unless otherwise waived. The Federal Tort Claims Act, 28 U.S.C. 2671 et seq. is such an express waiver and permits the United States to be sued for the torts of its agencies or employees. Although the Tort Claims Act makes the United States amenable to suit, the provisions thereof, by weight of section 2680(*l*), do not apply to the T.V.A. Section 2680(*l*) states:

2680. "The provisions of this chapter and section 1346(b) of this title shall not apply to—

(*l*) Any claim arising from the activities of the Tennessee Valley Authority."

 The principal reason for this exclusion is that the T.V.A. was susceptible to suit prior to the enactment of the Tort Claims Act. Section 831c(b) of the T.V.A.'s enabling act, 16 U.S.C. 831 et seq., states that it "may sue and be sued". Because the waiver of immunity in the Tort Claims Act was unnecessary and inappropriate as to the T.V.A., which could under its own act be sued, it asked to be exempted from the terms of the Tort Claims Act. See Atchley v. Tennessee Valley Authority, 69 F.Supp. 952, footnote 4 (D.C.1947).

Clearly the Tort Claims Act is not applicable to the T.V.A. and its liability is to be derived solely from section 831c(b) of Title 16.

The T.V.A. in this case argues with generality that: 1) Although section 831c(b) permits suit, it is not intended to engender any liability to the T.V.A. which would run afoul of public policy; and argues with particularity that 2) Although the T.V.A. is exempt from the provisions of the Tort Claims Act, the limitations within that Act (specifically the requirement that there be proof of negligence) are by analogy applicable to it. The court feels that the first of these arguments is correct, but not pertinent to this suit. The second argument, the court believes, is without merit.

In Grant v. Tennessee Valley Authority, 49 F.Supp. 564 (D.C.1942), the court held that the sue and be sued clause found in section 831c(b) did not, under the circumstances of that case, authorize suit against the T.V.A. for its governmental functions regarding flood control. The court reasoned that the bar against suit was not a product of sovereign immunity, but rather was demand-

ed because of public policy. It was believed that Congress had not intended that the T.V.A.'s work in the area of navigation and flood control should be jeopardized by the threat of suit or injunction which could effectively trammel its power in the development of waters for those purposes. The court stated:

> "By a long line of cases it has definitely been settled that neither the government nor its instrumentalities would have to respond in damages arising in the development and maintenance of waters for purposes of navigation and flood control, including claims for negligence. It may be noted that this position is not because of governmental immunity from suit but on the grounds of public policy."

The court went on to say that:

> " * * * the functions of the defendant in the commercial field are entirely different. Upon principle and authority, it is quite clear that the government should respond in damages for wrongs committed when it is engaged in the same activities as its citizens. It is my judgment that Congress intended that the defendant can be sued for all wrongs committed for conduct pertaining to its generating, use and sale of electric energy made from the power created by its dams."

■ The activities for which the T.V.A. is here being sued are not related to its so-called governmental function, but are more closely akin to its work in the commercial field. The alleged injuries are the result of the T.V.A.'s construction of a new power substation which is related to the T.V.A.'s use and sale of electrical energy. Even though several cases attempt to distinguish between governmental and proprietary type functions, notably Latch v. Tennessee Valley Authority, 312 F.Supp. 1069 (D.C.1970), this court believes that it is not necessary to define such a dichotomy

in this case, but only necessary to state that the T.V.A. is not immune from a suit of this nature, nor is such a suit contrary to public policy.

■ The T.V.A.'s primary argument is that a governmental agency cannot be sued unless there is proof of negligence. This limitation is expressed in section 1346(b) of Title 28, which is in reality a part of the Federal Tort Claims Act. See Latch v. Tennessee Valley Authority, 312 F.Supp. 1069 at 1071 (1970). The T.V.A. asserts that because Congress did not intend to impose strict liability or liability without proof of negligence on the agencies and persons who may be sued under the Tort Claims Act, it did not therefore intend to impose strict liability on the T.V.A. Apparently such a theory was adopted by the court in Adams v. Tennessee Valley Authority, 254 F.Supp. 78 (D.C. 1965), however this court does not concur with that rationale. The Tort Claims Act, the provisions therein, and section 1346(b) expressly do not apply to the T.V.A. Moreover there is nothing in the T.V.A.'s enabling act which precludes claims founded upon the doctrine of strict liability. Except for those claims which are contrary to public policy the T.V.A. is, under its sue and be sued clause, subject to common law liability and may be sued and held liable as may be a private individual. In Kentucky an individual is absolutely liable for the harm he does to another's property resulting from blasting or detonating activities. Adams & Sullivan v. Sengal, *supra*; and Lynn Mining Company v. Kelly, 394 S.W.2d 755 (Ky. 1965).

The court being of the opinion that under the circumstances of this case the T.V.A. is subject to common law liability, the motion to dismiss the complaint for failure to state a claim upon which relief may be granted must be overruled. An order to that effect will this day be entered.