Tommy J. GRISSOM et al.

v.

**NATIONAL LABOR RELATIONS
BOARD et al.**

Civ. A. No. 72-288.

United States District Court,
M. D. Louisiana.

Oct. 15, 1973.

William R. D'Armond, Sanders, Miller, Downing & Kean, Baton Rouge, La., for plaintiffs.

Glen M. Bendixsen, Chief of Special Litigation, N.L.R.B., Washington, D.C., Louis V. Baldovin, Jr., Regional Atty., Region 15, N.L.R.B., New Orleans, La., for N.L.R.B.

Charles R. Vickery, Jr., Houston, Tex., John B. Williams, Baton Rouge, La., for Big Three Industries, Inc.

O. Romaine Russell, Baton Rouge, La., for Teamsters Local Union No. 5.

E. GORDON WEST, District Judge:

The plaintiffs brought this action to require the National Labor Relations Board to carry out what they believe to be its statutory duty to act upon a decertification petition filed by them pursuant to the provisions of 29 U.S.C. § 159(c)(1). The plaintiffs, the National

Labor Relations Board, and Big Three Industries, Inc., have all filed motions for summary judgment, and Big Three Industries, Inc., has also filed a motion to produce certain documents.

In July of 1971, Teamsters Local Union No. 5 (Union) was certified as the collective bargaining representative of all production and maintenance employees employed at Big Three Industries, Inc., at its Baton Rouge, Louisiana facility. The plaintiffs are members of that collective bargaining unit.

In December of 1971, the Union filed charges with the NLRB, alleging violations of Sections 8(a)(3) and 8(a)(5) of the Act, 29 U.S.C. § 158(a)(3) and § 158(a)(5), pertaining to hiring, tenure, conditions of employment and refusal to bargain collectively. After a hearing in June of 1972, the Administrative Law Judge, on October 18, 1972, issued her decision, sustaining the allegations of the complaint and ordering the employer, Big Three Industries, Inc., to bargain in good faith with the Union. On February 7, 1973, a three-member panel of the National Labor Relations Board affirmed the Administrative Law Judge's rulings, findings, and conclusions, and adopted her recommended order. Among the findings of the Law Judge was a specific finding that Big Three Industries, Inc. had refused to bargain in good faith on August 5, 1971, and had continued to so refuse until the time of the hearing. She also recommended that the "certification year" be extended through one year after Big Three Industries, Inc. commenced to bargain in good faith.

Meanwhile, on September 14, 1972, plaintiff Tommy J. Grissom filed a petition with the NLRB's regional director in New Orleans for decertification of Teamster's Local Union No. 5 as bargaining representative. This was after the hearing on the unfair labor practice charges filed by the Union against Big Three Industries, Inc. but before the decision had been rendered on those charges.

On September 20, 1972, the Regional Director dismissed plaintiff's petition, finding that no question concerning representation existed for the sole reason that the Union's unfair labor charges were pending a decision from the Administrative Law Judge. This was an application of the so-called "blocking charge" rule. Plaintiff appealed from this dismissal and on October 16, 1972, and NLRB affirmed the dismissal, again solely on the grounds of the pending unfair labor charges.

Two days later, on October 18, 1972, the Decision of the Administrative Law Judge was rendered, with the findings noted above. On November 15, 1972, this suit was filed.

Then, on January 10, 1973, the NLRB re-opened the case, *sua sponte*, "for the purpose of reconsidering said ruling" (the October 16, 1972 affirmance of dismissal). Upon reconsideration, the NLRB found "'no reasonable cause to believe' that at this time the petition herein raises a real question of representation, within the meaning of Section 9(c)(1) of the Act." The Board further stated that "to find the existence of a real question concerning representation * * * would * * * be contrary to the statutory scheme of the Act." Recognizing the delaying effect on the employee's opportunity to decertify the Union, the Board "believes that the orderly procedure of collective bargaining under the Act requires that the employees be bound by their choice of representatives during the period of ongoing negotiation, as well as the period of litigation of the *bona fides* of an employer's bargaining efforts."

The plaintiffs in this case seek to have the Court order the National Labor Relations Board to investigate the petition for decertification and carry out its statutory duty to determine whether there is reasonable cause to believe a question of representation exists; and then generally to follow the procedures set forth in 29 U.S.C. § 159(c)(1).

■ Thus what the plaintiffs ask this Court to order the NLRB to do is exactly what the Board has already done, evidenced by its Supplemental Ruling of January 10, 1973. The Board, as noted *infra,* found "no reasonable cause to believe" that a real question of representation exists. Thus, according to the plain and unambiguous language of 29 U.S.C. § 159(c)(1), the Board has exercised its duty, and is not compelled to provide a hearing or hold an election.

Further, since the Board's February 7, 1973 adoption of the Administrative Law Judge's order, the "certification year" of Teamsters Local Union No. 5 has been extended at least until October 18, 1973. Thus, no certification election can be held within that period.

This Court is fully aware of the two recent decisions of the Fifth Circuit Court of Appeals dealing with this issue. In Templeton v. Dixie Color Printing Co., 444 F.2d 1064 (CA 5–1971), the Court, speaking through Mr. Justice Clark, sitting by designation, found that the NLRB's refusal to process a decertification petition, solely on the basis of the "blocking charge" rule, was an abuse of discretion, and ordered the Board to "proceed with the consideration of the decertification petition as provided by the Act." (At 1070). The Court refused to affirm the District Court's order directing the Board to hold an election. Instead the Court stated:

"(W)e have some reluctance to order an election in a case where the Board has neither investigated nor actually found reasonable cause to believe that a question of representation exists. We believe that more effective administration militates in favor of remand of the case with directions that an order be entered that the Board proceed forthwith to perform its duties under this section of the Act." (At 1066).

In Surratt v. N.L.R.B., 463 F.2d 378 (CA 5–1972), the Court again ordered the NLRB to proceed under 29 U.S.C. § 159(c)(1) on a decertification petition, instead of mechanically applying the "blocking charge" rule. The Court affirmed the District Court's order which directed the Board "to investigate the decertification petition, and *if it finds that there is reasonable* cause to believe that a question of representation affecting commerce exists, to proceed promptly with a hearing on the petition and thereafter to enter such order as is appropriate, "including ordering due conduct of an election· if such question of representation is held to exist * * *.'" (At 381). (Emphasis added).

Our holding here does not conflict with those cases. In the instant case the Board *has* investigated the decertification petition and it *has* found that there is no reasonable cause to believe that a question of representation affecting commerce exists.

■■ Thus it is clear that under the National Labor Relations Act, 29 U.S.C. § 151 et seq, a District Court does not have the authority to supplant the judgment of the NLRB in its determination of whether or not there is reasonable cause to believe that a question of representation affecting commerce exists. *A fortiori* this Court cannot order a certification election, since that decision, like the finding of reasonable cause, is clearly placed in the realm of authority of the National Labor Relations Board by 29 U.S.C. § 159(c)(1).

Therefore the motion for summary judgment in favor of the National Labor Relations Board will be granted, and the motions of the plaintiffs and by Big Three Industries for summary judgment will be denied.

Defendant Big Three Industries, Inc. has filed a motion to produce and comply with United States Freedom of Information Act. In so doing, mover has failed to comply with Rule 34, F.R.Civ. P., by not serving a request on the NLRB for the information it seeks, nor has it filed a complaint with this Court as provided by 5 U.S.C. § 552(a)(3). This section contemplates an improper withholding, which necessarily includes

a request for such information by the complainant.

The NLRB in its opposition to the motion states that the mover has never requested any of the documents from the Board, declaring that many of such documents are matters of public record, and could be obtained simply be requesting them.

Thus, until the mover, Big Three Industries, Inc., makes a request for such documents and is improperly refused, this Court will not entertain any motion to compel their production. The motion to produce and comply will therefore be denied.