Billy Ray SMITH and Odeline Smith

v.

TENNESSEE VALLEY AUTHORITY.

James Edward CASSIDY and Matica Deanne Cassidy

v.

TENNESSEE VALLEY AUTHORITY.

Robert D. BABB and wife, Inez Babb

v.

TENNESSEE VALLEY AUTHORITY.

Civ. Nos. 1–76–310 & CIV–1–76–311 and CIV–1–77–18.

United States District Court,
E. D. Tennessee, S. D.

July 5, 1977.

Jack R. Brown, Chattanooga, Tenn., for plaintiffs.

Herbert S. Sanger, Jr., Gen. Counsel, TVA, Charles A. Wagner, III, Associate Gen. Counsel, TVA, Lawrence E. Shearer, M. Elizabeth Culbreth, Attys., TVA, Knoxville, Tenn., for defendant.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

These cases involve actions for property damage allegedly sustained because of concussions and vibrations from blasting activities undertaken by the defendant in connection with the construction of the Raccoon Mountain Pumped-Storage Project, a hydroelectric generating facility. The cases which were properly removed from the state court are presently before the Court upon the following motions: (1) motion for partial judgment on the pleadings filed on behalf of the defendant, the Tennessee Valley Authority (TVA); (2) motion for production of documents filed on behalf of the plaintiffs; and (3) motion to require further discovery filed on behalf of the defendant TVA.

Considering first the TVA's motion for partial judgment on the pleadings, a review of the complaints in each of these three cases reveals that the plaintiffs seek to proceed against the TVA under four alternate theories of recovery; namely, negligence, continuing trespass in the form of shock concussion waves, strict liability and continuing nuisance. It is the TVA's position that its liability in these cases, if any, must be predicated on proof of actual negligence and that plaintiffs cannot recover on any of the other theories alleged. Accordingly, the TVA has moved for judgment on the pleadings with regard to the continuing trespass, strict liability and continuing nuisance counts of the complaint.

The TVA here presents the same arguments that were considered and rejected in *Brewer v. Sheco Construction Company,* 327 F.Supp. 1017 (W.D.Ky.1971). In *Brewer* the plaintiffs brought an action against the TVA for alleged damage to their property resulting from blasting and excavating activities undertaken by the TVA in construction of a new power substation which related to the TVA's use and sale of electrical energy. The plaintiffs proceeded against the TVA on the contention that the TVA was strictly liable for the damages without proof of negligence. The TVA moved to dismiss the complaint, arguing that a governmental agency cannot be sued in ab-

sence of proof of negligence. The TVA asserted that because Congress did not intend to impose strict liability or liability without proof of negligence on the governmental agencies and persons who may be sued under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., it did not therefore intend to impose strict liability on the TVA.[1] The *Brewer* court rejected the TVA's argument, however, by reason of the fact that the provisions of the Federal Tort Claims Act do not apply to the TVA. The court referred to section 2680(1) of the Federal Tort Claims Act, 28 U.S.C. § 2680(1), wherein it is provided:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

(1) Any claim arising from the activities of the Tennessee Valley Authority."

The *Brewer* court then noted that the principal reason the TVA was excluded from the Federal Tort Claims Act was because the TVA was amenable to suit prior to the enactment of the Tort Claims Act pursuant to section 831c(b) of its enabling act, 16 U.S.C. §§ 831 et seq., which states that the TVA "may sue and be sued." Insofar as the TVA argued that section 831c(b) was not intended to engender any liability to the TVA which would run afoul of public policy, the *Brewer* court addressed this argument in the following terms:

"In *Grant v. Tennessee Valley Authority,* 49 F.Supp. 564 (D.C.Tenn.1942), the court held that the sue and be sued clause found in section 831c(b) did not, under the circumstances of that case, authorize suit against the T.V.A. for its governmental functions regarding flood control. The court reasoned that the bar against

suit was not a product of sovereign immunity, but rather was demanded because of public policy. It was believed that Congress had not intended that the T.V.A.'s work in the area of navigation and flood control should be jeopardized by the threat of suit or injunction which could effectively trammel its power in the development of waters for those purposes. The court stated:

" 'By a long line of cases it has definitely been settled that neither the government nor its instrumentalities would have to respond in damages arising in the development and maintenance of waters for purposes of navigation and flood control, including claims for negligence. It may be noted that this position is not because of governmental immunity from suit but on the grounds of public policy.'

"The court went on to say that:

" ' * * * the functions of the defendant in the commercial field are entirely different. Upon principle and authority, it is quite clear that the government should respond in damages for wrongs committed when it is engaged in the same activities as its citizens. It is my judgment that Congress intended that the defendant can be sued for all wrongs committed for conduct pertaining to its generating, use and sale of electric energy made from the power created by its dams.' " 327 F.Supp. at 1018–19.

The court then concluded its discussion by stating as follows:

"The Tort Claims Act, the provisions therein, and section 1346(b) expressly do

---

1. Section 1346(b) of the Federal Tort Claims Act, 28 U.S.C. § 1346(b), provides in relevant part as follows:

"(b) Subject to the provisions of chapter 171 of this title, the district courts, * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, * * * for injury or loss of property, or personal injury or death caused by the *negligent or wrongful act or omission of any employee of the Government* while acting within the scope of his office or employment, under circumstances where the

United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." (Emphasis added)

In *Laird v. Nelms,* 406 U.S. 797, 92 S.Ct. 1899, 32 L.Ed.2d 499 (1972), the Supreme Court held that the statutory language "negligent or wrongful act or omission of any employee of the Government" contained in section 1346(b) precluded the imposition of liability if there has been no negligence or other form of misfeasance or nonfeasance on the part of the Government.

not apply to the T.V.A. Moreover there is nothing in the T.V.A.'s enabling act which precludes claims founded upon the doctrine of strict liability. Except for those claims which are contrary to public policy the T.V.A. is, under its sue and be sued clause, subject to common law liability and may be sued and held liable as may be a private individual." 327 F.Supp. at 1019.

Although, as pointed out by the TVA, there is some language in Judge Taylor's opinion in *Adams v. Tennessee Valley Authority*, 254 F.Supp. 78 (E.D.Tenn.1965) which seems to suggest that the liability of the TVA must stand or fall upon a construction of the Federal Tort Claims Act,[2] the rationale of *Adams* was specifically rejected in *Brewer*. Having considered both the *Adams* and *Brewer* opinions, and it appearing that section 2680(1) expressly excludes the TVA from the provisions of the Federal Tort Claims Act, including section 1346(b) of the Act which has been construed as precluding actions against the United States based on strict liability, it is difficult to see how the construction of the statutory language of section 1346(b) can be held applicable to the TVA.[3] Accordingly, the Court is of the opinion that the *Brewer* case is persuasive authority that the TVA may be sued on the basis of strict liability.

While it appears that the strict liability and continuing trespass counts are maintainable against the TVA under the authority of *Brewer*, the Court is of the opinion that the continuing nuisance count should be dismissed. There is no question in this case but that the blasting by the TVA was performed in furtherance of the construction of a hydroelectric plant pursuant to the TVA Act. *See* 16 U.S.C. § 831c(j). The rule in this regard is that the courts will not hold conduct to constitute a nuisance where authority therefor exists by virtue of legislative enactment. *See* 58 Am.Jur.2d "Nuisances" § 228. Since the TVA project here involved is being constructed under legislative authority, the construction of the project would not constitute a nuisance. Therefore, the continuing nuisance count will be dismissed.[4]

2. Notably, in the *Adams* case the court found that the TVA could be held liable without proof of negligence. In overruling a motion for judgment notwithstanding the verdict filed on behalf of the TVA the court stated that

". . . the TVA in detonating blasts on adjoining property which caused the damages sustained by the various plaintiffs committed an act of misfeasance for which the TVA is liable even though there may not have been negligence on the part of these employees." 254 F.Supp. at 82.

While the court specifically stated that the Federal Tort Claims Act does not apply to the TVA, the court appears to be saying in the course of its opinion that even if the limitations of the Federal Tort Claims Act did apply by analogy, as urged by the TVA, the acts of the TVA would be considered "wrongful" (even if not negligent) within the meaning of the Act. It is not altogether clear from a reading of the *Adams* opinion whether the court meant to state as a proposition of law that the TVA's liability is in fact dependent upon a construction of the Federal Tort Claims Act.

3. The TVA argues that an analogous situation exists with respect to the liability of the Government for punitive damages and discretionary acts. Under the Federal Tort Claims Act, the United States cannot be held liable for punitive damages or for a claim based upon the exercise or failure to exercise a discretionary function or duty on the part of a federal agency or an employee of the Government. *See* 28 U.S.C. § 2680(a). Similarly, the TVA has been held not liable for punitive damages or discretionary acts performed in connection with its government function. Since the TVA has been treated much the same way as the United States generally with regard to both punitive damages and discretionary acts, the TVA argues that there is no rational basis for applying a different principle as to the question of liability without fault. The nonliability of the TVA for punitive damages and discretionary acts, however, has not depended on a statutory construction of the Federal Tort Claims Act. Insofar as the nonavailability of strict liability claims against the Government rests on a statutory construction of the language contained in section 1346(b) of the Federal Tort Claims Act, the court fails to see how the TVA can avoid liability on the basis of a construction of a statute which is expressly not applicable to it.

4. From a reading of the plaintiffs' brief in opposition to the defendant's motion for judgment on the pleadings it does not appear that the plaintiffs seriously object to the dismissal of the continuing nuisance count as no opposition to the dismissal of this count appears therein.

Turning next to the plaintiffs' motion for production of documents, it appearing that the plaintiffs have not heretofore filed a request for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Court will order that the plaintiffs' motion to produce be treated as a request for production and the TVA will be allowed additional time to respond thereto. *See Muncaster v. Baptist,* 367 F.Supp. 1120 (N.D.Ala.1973); *Grissom v. N. L. R. B.,* 364 F.Supp. 1151 (M.D.La.1973).

Finally, with respect to the TVA's motion to require further discovery, the TVA seeks to depose Rudy McJunkin, one of plaintiffs' expert witnesses. Plaintiffs' counsel has informed the Court that he does not oppose the TVA's examining Rudy McJunkin by oral deposition and so the TVA will be allowed to take the deposition. The time and place of the deposition may be arranged through formal notice filed by the TVA or by agreement of the parties.

An order will enter in accordance with this memorandum.