**Gordon C. LINDBERGER and Carol Lindberger, Plaintiffs,**

**v.**

**GENERAL MOTORS CORPORATION and Euclid Division of General Motors Corporation, Defendants.**

**No. 70–C–320.**

United States District Court, W. D. Wisconsin.

Sept. 22, 1972.

Richard L. Cates, James A. Olson, Lawton & Cates, Kent I. Carnell, Madison, Wis., for plaintiffs.

Timothy C. Frautschi, Milwaukee, Wis., for defendants.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

Plaintiff, Gordon C. Lindberger, a citizen of Wisconsin, filed a complaint against the defendants, General Motors Corporation and a division thereof, which are not citizens of Wisconsin. Plaintiff alleges that he suffered personal injuries proximately caused by the negligence of the defendants in manufacturing and designing a front end loader which was sold to the plaintiff's employer. Plaintiff specifies that the front end loader was defective in two respects: first, that the front end loader did not contain an adequate system to warn its operator of impending brake failures; and second, that the loader was manufactured with only a single braking system so that any malfunction would result in the loader being without brakes altogether. The plaintiff further contends that the defendants are liable under a theory of strict liability in tort, because the brake system in the loader constitutes a defective condition making the machine unreasonably dangerous to any person using it. Finally, the plaintiff contends that the defendants, in selling the loader, breached their warranty that the machine was merchantable.

Attorneys for the defendants have refused to answer interrogatories 23, 25 and 26, which were propounded by the plaintiffs pursuant to Rule 33, Fed.R. Civ.P. Plaintiffs have filed a motion to compel discovery.

Interrogatory 23 requests the defendants to state whether any changes have been made, and if so to describe such changes, subsequent to the date when the loader in question was produced, in either the design of the braking system or in the warning system for brake malfunctions. Interrogatory 25 requests the defendants to state how any such changes affect the utility of the loader. Interrogatory 26 requests the names of persons responsible for such design changes.

The defendants contend that the plaintiffs are not entitled to compel discovery because the subject matter of the disputed interrogatories is "privileged" and that consequently the standard of "relevancy" set out in Rule 26(b), Fed. R.Civ.P., is inapplicable. The defendants' theory is that the evidence sought is "privileged" because of the rule of evidence which prohibits the admission of evidence at trial of subsequent remedial measures to establish negligence or culpability.

This court has diversity jurisdiction over the subject matter of this action. 28 U.S.C. § 1332(a).

Federal Rule 26(b) provides that a "deponent may be examined regarding any matter, not privileged, which is relevant. . . . " Fed.R.Civ.P. 26 (b). The "privilege" which protects matter from discovery under this rule is the same as that applicable under the rules of evidence at a trial. United States v. Reynolds, 345 U.S. 1, 6, 73 S.Ct. 528, 97 L.Ed. 727 (1953); 2A Barron & Holtzoff, Federal Practice & Procedure § 651. Furthermore, the party claiming the existence of the privilege has the burden of persuasion. *See* Mattson v. Cuyuna Ore Company, 178 F.Supp. 653 (D.Minn.1959); 2A Barron & Holtzoff, Federal Practice & Procedure § 651, pp. 103–104. The defendants have not met this burden.

The defendants argue that the exclusion of evidence of subsequent measures is a "privilege" because this exclusion is based upon an external policy, promoting public safety by not discouraging subsequent repairs. Relying solely upon McCormick, Law of Evidence (1954), § 77, the defendants contend that any rule of exclusion, not looking to truth-finding at trial, but rather to an external policy, should be classified as a privilege.

I am not persuaded by defendants' arguments. Textwriters other than McCormick do not classify the doctrine of subsequent remedial conduct as a rule of privilege. *See* 2 Wigmore, Evidence § 283 (3rd ed., 1940). In the Proposed

Rules of Evidence for the United States District Courts and Magistrates (hereinafter cited as Proposed Rules), which attempt to define the privileges applicable to discovery under Rule 26(b), subsequent remedial measures are treated in Chapter IV, Relevancy and Its Limits, and not in Chapter V, Privileges. 46 F.R.D. 161, 236; Proposed Rules, Rule 11–01(c), 46 F.R.D. 161, 417; *see* Wright & Miller, Federal Practice & Procedure § 2016, p. 123, n. 57. Finally, it would seem that there is a substantial difference between the policy underlying the exclusion of evidence in the area of traditionally recognized privileges, e. g. the attorney-client privilege, the secret of state privilege, or the doctor-patient privilege, and in the "privilege" claimed in the instant case. Stringent protection is afforded to the traditional privileges because disclosure, in itself, even outside the trial of the case, may cause harm to the parties. But such harm would not result from disclosure in the instant case. It is disclosure at trial, where a jury may improperly draw an inference of negligence, which presents the danger to the defendants, and consequently to the public. For these reasons, I conclude that the defendants have not met their burden of persuasion.

The only remaining question is whether the subject-matter of the interrogatories falls within the scope of examination permitted under Rule 26 (b), Fed.R.Civ.P. Rule 26(b) provides:

> the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . . It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

Broad discovery is favored under Rule 26(b). *See* Advisory Note to Fed.R. Civ.P. 26(b); Hickman v. Taylor, 329 U.S. 495, 507–508, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Furthermore, the plaintiff need not, at this stage of the proceedings, establish that the evidence sought would be admissible at trial. Reed v. Smith, Barney & Co., 50 F.R.D. 128, 130 (S.D. N.Y.1970); Brunswick Corporation v. Chrysler Corporation, 291 F.Supp. 118, 120 (E.D.Wis.1968). It is clear that the information sought in the challenged interrogatories is relevant to the subject-matter of this action. The feasibility of the installation of a better brake system and of more adequate warning systems for brake malfunctions may be significant with respect to each of the three theories relied upon by the plaintiffs. Furthermore, the knowledge of the defendants about the adequacy of the design of the loader as well as any information on this subject which may have been passed to the employer of the plaintiff may be relevant on the issues of negligence and contributory negligence.

In conclusion, I find that the defendants' refusal to answer interrogatories 23, 25, and 26, is without justification. Accordingly, on the basis of the entire record herein, it is hereby ordered, pursuant to Rule 37, Fed.R.Civ.P., that the defendants answer interrogatories 23, 25 and 26, within 30 days from the date of entry of this order.