## BEAN, DeANGELIS & KAUFMAN

v.

## COMBUSTION EQUIPMENT ASSOCIATES.

### Civ. A. No. 76-1488.

United States District Court,
E. D. Pennsylvania.

Feb. 22, 1977.

Tom P. Monteverde, Pelino, Wasserstrom, Chucas, Monteverde, Philadelphia, Pa., for plaintiff.

Roland Morris, Duane, Morris & Heckscher, Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

FOGEL, District Judge.

Plaintiff, Bean, DeAngelis & Kaufman, a professional corporation of attorneys, formed under the applicable Pennsylvania statute, 15 P.S. §§ 2901 *et seq.*, has brought this action for legal fees it claims Defendant, Combustion Equipment Associates, owes to it for services allegedly rendered by one of its members, Sidney DeAngelis, Esquire, an attorney who is admitted to practice in the Commonwealth of Pennsylvania.

Counsel for defendant in this action has moved for the production of documents pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure. The documents requested are the following: (1) the calendar and appointment book of Sidney DeAngelis, kept by his secretary; (2) the monthly compilation of client fees for all attorneys of the law firm; (3) all billings for services to any client of the firm which were rendered by Sidney DeAngelis; and (4) any accounting records which might lead to evidence on the issue of time spent by Sidney DeAngelis on all client matters during the period from June 2nd to October 30, 1976. These records relate to the general practice of law by the plaintiff, a professional corporation engaged in such practice, and cover the period of time during which Sidney DeAngelis of the plaintiff corporation alleges to have rendered services to the defendant. The claim for these services is the subject of this lawsuit.

A similar motion was brought by the defendant at an earlier stage of this litigation, and we upheld the claim of privilege raised by the plaintiff as per our Order of November 10, 1976, denying the motion. After a discussion with the parties, counsel for the plaintiff agreed to supply the calendar and appointment book, subject to the deletion of the names of all clients with the exception of entries which referred to defendant.

At a conference with the parties on December 2, 1976, counsel for the defendant orally renewed his request for the documents. After some discussion, the Court agreed to an *in camera* inspection of the documents in order to ascertain if there was any inconsistency between those records and the dates defendant has challenged as to plaintiff's performance of services. We stated that if such discrepancies were shown, broader discovery might be allowed. However, defense counsel later requested by letter that we review the originals of the calendar and appointment book for each of the days on which the plaintiff alleges to have performed services for the defendant, and also asked that we review all of the

other documents originally requested as well. When counsel for plaintiff pointed out that this request was substantially broader than the scope agreed to at the conference, counsel for the defendant abandoned his agreement to the limited *in camera* inspection and filed the instant motion.

The defendant's earlier motion for production of these materials was denied because we do not believe that plaintiff should be exposed to having other clients interrogated with respect to matters entirely unrelated to this case. Clearly, such mass interrogation could jeopardize the goodwill of the firm. We stated and reiterate that unless defendant is able to show sufficient discrepancies, *prima facie*, to warrant such further investigation, we would not permit a fishing expedition that could have a deleterious effect upon plaintiff's relationship with other clients who are not even remotely involved in this litigation. *Plaintiff has furnished the defendant with the calendar and appointment book, (without the names of clients), and has also supplied the defendant with information on all other litigation conducted by Sidney DeAngelis, in his capacity as attorney during the period of time in question; thus defendant is able to investigate public court records and develop any further inquiry based on such exploration.* The utmost leeway has been given to defendant; still, on nothing more than suspicion and conjecture, without even a *prima facie* showing of false record keeping, defendant claims it is entitled to this type of discovery. It is well within our discretionary power in balancing such interests to deny such discovery. *Fifth Avenue Peace Parade Committee v. Gray*, 480 F.2d 326 (2d Cir. 1973), *cert. denied*, 415 U.S. 948, 94 S.Ct. 1469, 39 L.Ed.2d 563 (1974); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

Counsel for defendant has suggested that the documents be released pursuant to a protective order which would prohibit him from contacting any of the named clients. We see nothing that would be gained by the production of the appointment book and calendar under such an order; the defend-

ant would, in effect, have nothing more than it has now.

An Order will be entered denying the Motion for Production of Documents of the Defendant.