**EGLIN FEDERAL CREDIT UNION, Plaintiff,**

v.

**CANTOR, FITZGERALD SECURITIES CORP., et al., Defendants.**

**CANTOR, FITZGERALD SECURITIES CORP., et al., Defendants and Third-Party Plaintiffs,**

v.

**Robert C. McKELVEY, et al., Third-Party Defendants.**

Civ. A. No. C79–967A.

United States District Court, N. D. Georgia, Atlanta Division.

Feb. 26, 1981.

John M. Sikes, Jr., James S. Youngblood, Macey & Zusmann, Atlanta, Ga., Selby, Chesser, Wingard, Barr & Jones, Fort Walton Beach, Fla., for plaintiff.

Hugh W. Gibert, Haas, Holland, Levison & Gibert, Atlanta, Ga., Stephen A. Marshall, Rubin, Baum, Levin, Constant & Friedman, New York City, W. Frank Greenleaf, Welbaum, Zook, Jones & William, Miami, Fla., Robert W. Patrick, Thomas S. Richey, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

This case is now before the court on plaintiff's motion to compel documents from defendants. The nature of the suit is a tort action against defendants, securities brokers, for alleged common law fraud and violations of state and federal securities law. The defendants' objections are based primarily on grounds of relevance and that some requests for production of documents are not properly before the court. The court will rule on two specific requests at this time but will reserve its ruling on all other requests for reasons hereinafter stated.

The first items sought by plaintiff in this motion are defendants' daily trading blotters for the period from February 1, 1976, through December 31, 1977. Defendants have previously produced the portions of these daily trading blotters relating to transactions with plaintiff. Defendants state that, provided the names of clients other than plaintiff are removed, they are willing to produce the daily trading blotters for these dates in their entirety. Plaintiff states that it seeks this information in order to determine whether defendants were merely shuttling securities between its customers and/or whether defendants were trading at prices "off the market" without disclosing off-market pricing practices to plaintiff.

The only reason presented by plaintiff for needing the names of defendants' other clients is that they are necessary in order to follow the buy-sell transactions for a particular day. In the absence of any greater showing of need, the court will not order defendants to produce the names of its clients not involved in this lawsuit. *Bean, DeAngelis & Kaufman v. Combustion Equipment Associates*, 74 F.R.D. 91, 92 (E.D.Pa.1977). Plaintiff's motion is GRANTED insofar as defendants are directed to produce redacted daily trading blotters for the time period covered by plaintiff's request, but defendants will be permitted to assign arbitrary letter or number designations to those clients other than plaintiff. This will enable plaintiff to analyze each day's transactions fully while protecting the identity of clients unrelated to this lawsuit. *Id.* at p. 92.

Plaintiff also seeks the production of defendants' consolidated income tax returns for fiscal years 1976, 1977 and 1978. The production of tax return information in federal question cases is determined by federal law. *Heathman v. U. S. District Court for Central District of California*, 503 F.2d 1032, 1034 (9th Cir. 1974). While the courts vary in their interpretation of the breath of the statutory protection given tax returns, most courts do not recognize the existence of a privilege against disclosure, but rather recognize a general federal policy limiting disclosure to "appropriate circumstances." *Id.* at 1034, *Fulenwider v. Wheeler*, 262 F.2d 97, 99 (5th Cir. 1958); *Payne v. Howard*, 75 F.R.D. 465, 469–470 (D.D.C.1977); *Richland Wholesale Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 40 F.R.D. 480, 482–483 (D.S.C.1966).

Plaintiff alleges that the discovery of defendants' tax returns is necessary because they will provide strong evidence needed by plaintiff of the lines of power and control running through the defendant organizations. A similar allegation was found sufficient to support an order compelling discovery in *Heathman v. U. S. Dis-*

*trict Court for Central District of California*, 503 F.2d 1032 (9th Cir. 1974). Plaintiff in this case has, however, failed to present any evidence that this information is not readily obtainable from other sources, and the court declines to enter an order at this time compelling production of defendants' tax returns. *Id.* at 1033; *Richland Wholesale Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 40 F.R.D. at 483. Plaintiff's motion to compel on this ground is DENIED.

The requirement in Rule 34(b) that requests for production of documents be stated with "reasonable particularity" presupposes that the request for production be made in writing. Based on its review of the pleadings, the court concludes, as contended by defendants, that many of the documents now sought by plaintiff in this motion were never incorporated in its prior requests to defendants. The court, therefore, orders that plaintiff's motion to produce in respect to these documents be treated as a request for production and the defendants are given an additional twenty-one days in which to respond. *Smith v. Tennessee Valley Authority*, 436 F.Supp. 151, 155 (E.D.Tenn.1977). The court acknowledges that the defendants have already stated their responses to most of the effected requests, notwithstanding their basic objection that the motion was void with respect to those documents. The court's purpose in granting this additional time is to permit the plaintiff to narrow its motion to compel in light of our rulings in this Order and to give defendants' time to produce those documents which it has indicated a willingness to produce voluntarily. The parties are also directed to make a good faith attempt to resolve this discovery dispute before resubmitting it to the court.

The Court will withhold its ruling on the remaining portions of this motion until such time as plaintiff and defendants have submitted citations of authority to the court in support of their respective positions with regard to the discoverability of particular documents or classes of documents. The Court also DENIES both parties' request for an award of expenses under Rule 37(a)(4). If, however, this Court is asked to decide another discovery dispute in this case, the Court will seriously consider an award of expenses to the prevailing party.

In conclusion, the plaintiff's motion is GRANTED in part and DENIED in part.

## ON SECOND MOTION TO COMPEL

The case is now before the court on defendants' motion to compel the production of documents. The motion is directed to plaintiff and two third-party defendants who are directors of plaintiff.[1] These documents have been the subject of two prior hearings before this court. In the earlier hearing, the court granted defendants' motion to compel and ordered plaintiff to produce the requested documents, except for "portions of such documents, if any, . . . which plaintiff claims contain confidential communications between plaintiff and its counsel relating to this lawsuit." Plaintiff subsequently invoked the attorney-client privilege with regard to some board minutes, and the court heard discussion on the applicability of the privilege on December 4, 1980. Defendants then filed their second motion to compel and it is on this motion and the objections raised therein that the court now rules.

### I.

The defendants' contend that plaintiff waived its attorney-client privilege by permitting employees outside its "control group" to be present at board meetings where legal discussions relevant to this lawsuit occurred. This contention was decided adversely to defendants by the Supreme Court on January 13, 1981, when it expressly rejected application of the "control group" concept to attorney-client privilege in the corporate context. *U. S. v. Upjohn Co.*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d

---

1. Because of the identity in positions asserted, these parties are collectively referred to as plaintiff in this Order.

584 (1981) (reversing *U. S. v. Upjohn Co.*, 600 F.2d 1223 (6th Cir. 1979)). The Supreme Court held that "[t]he narrow scope given the attorney-client privilege by the court below not only makes it difficult for corporate attorneys to formulate sound advice when their client is faced with a specific legal problem" but also "frustrates the very purpose of the privilege by discouraging the communication of relevant information." *Id.* 449 U.S. at 392, 101 S.Ct. at 684. The Court adopted instead a "case by case" approach for determining the appropriateness of a corporation's invocation of its attorney-client privilege. *Id.*, 449 U.S. at 395, 101 S.Ct. at 685.

In reversing the Sixth Circuit, the Supreme Court explained that the purpose of the attorney-client privilege is not only to protect "the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *Id.*, 449 U.S. at 390, 101 S.Ct. at 683. The Court recognized that in order for the corporate attorney to obtain this information, it may frequently be necessary for him to speak with middle and lower level employees on matters within the scope of their employment. *Id.*, 449 U.S. at 390, 101 S.Ct. at 683. Another factor considered important by the Supreme Court in *Upjohn* was that the employees' superiors had directed them to provide the requested information so that counsel could advise the corporation. *Id.*, 449 U.S. at 392, 101 S.Ct. at 685.

The communications in issue in this case were provided by plaintiff's assistant general manager, its internal accountant, and its present investment manager, none of whom were in plaintiff's control group. At the time these employees were asked to attend board meetings, plaintiff was either contemplating filing or had filed this lawsuit based on defendants' alleged violations of the securities laws. Plaintiff has contended, and the court finds it reasonable to conclude, that counsel needed the facts and background information known best by these employees by virtue of their employment duties in order to advise plaintiff wisely on this matter.

The defendants' attempt to distinguish this case from *Upjohn* on the basis of the method of questioning employed by counsel is not persuasive. In *Upjohn*, the employees, many of whom worked in Upjohn's foreign offices, were mailed questionnaires to complete. In this case the employees attended board meetings and were permitted to hear legal discussions between board and counsel on the information just related by them. The procedures used to gather the needed information here were admittedly less formal than those utilized in *Upjohn*. On the other hand, there was less need for extensive written communication since plaintiff is much smaller and more geographically compact than the Upjohn Co. In the opinion of the court, the presence of these particular employees at board meetings did not result in a waiver of the attorney-client privilege with respect to these board minutes. Accordingly, defendants' motion to compel the production of documents on this ground is DENIED.

## II.

The defendants also contend that plaintiff waived its attorney-client privilege with regard to all board minutes when it failed to object to defendants copying minutes produced by plaintiff's former outside accountants pursuant to a subpoena duces tecum.

A client does not automatically waive his attorney-client privilege by turning confidential documents over to his accountant. *In re Horowitz*, 482 F.2d 72, 81 (2nd Cir. 1973). If the accountant is consulted in connection with the client's obtaining legal advice, the privilege extends to cover confidential documents in the accountant's possession. *In re Horowitz*, 482 F.2d at 81; *U. S. v. Kovel*, 296 F.2d 918, 922 (2nd Cir. 1961). If the documents were turned over to the accountant for reasons totally unrelated to seeking legal advice, the accountant is viewed as an unrelated third party and the attorney-client privilege as to these formerly confidential documents is waived. *In re Horowitz*, 482 F.2d at 81;

*Himmelfarb v. U. S.,* 175 F.2d 924, 939 (9th Cir. 1949).

■ As the court understands the facts in this case, the board minutes produced by plaintiff's former accountants had been turned over to them for the purpose of conducting plaintiff's annual audit and not for reasons relating to the obtaining of legal advice. Under the ruling of *Horowitz,* supra, these documents were no longer confidential, and plaintiff was correct not to object to their production.

The board minutes which plaintiff has claimed are privileged are those at which a representative of plaintiff's current outside accountants was present to assist board and legal counsel in understanding transactions relevant to this lawsuit. The accountant was, therefore, present not as an unrelated third party but as an expert assisting client and attorney. *U. S. v. Kovel,* 296 F.2d at 922. *See generally U. S. v. Upjohn Co.,* —— U.S. ——, 101 S.Ct. at 683.

■ Defendants have argued that these same documents were routinely made available to the accountants for audit purposes. Plaintiff has not presented any evidence that these minutes were edited or that some other precaution was taken to protect the confidential communications contained within these minutes before turning them over to the accountants for audit purposes. The burden of persuasion rests on the party opposing discovery. *Lindberger v. General Motors Corp.,* 56 F.R.D. 433, 434 (W.D.Wis. 1972). Plaintiff has in this instance failed to carry its burden. In this regard, the court specifically rejects plaintiff's contention that accountant-client privileges recognized under Georgia and Florida law are applicable in this federal question case. *Couch v. United States,* 409 U.S. 322, 335, 93 S.Ct. 611, 619, 34 L.Ed.2d 548 (1973). The defendants' motion to compel production of documents on this ground is GRANTED.

### III.

Defendants have also based their motion to compel with respect to some board min-

utes on the presence of National Credit Union Administration personnel at the meetings. Under the National Credit Union Act, 12 U.S.C.A. § 1751 et seq., individual federal credit unions, such as plaintiff, are subject to the general direction and supervision of the Association. 12 U.S.C.A. § 1756. Section 1756 also requires each individual credit union to make financial reports as and when the Association may require it but at least annually. Each federal credit union must make its books and records accessible to any person designated by the National Credit Union Administration for this purpose. 12 U.S.C.A. § 1756. At the time the N.C.U.A. personnel attended plaintiff's board meetings, plaintiff was experiencing financial insecurity because of the allegedly fraudulent securities transactions which form the basis of this lawsuit. Plaintiff argues that N.C.U.A. personnel not only investigated plaintiff's books but also functioned as a "legal counselor" to plaintiff and its attorney.

■ This court's recent decision in *Osterneck v. E.T. Barwick Industries, Inc.,* 82 F.R.D. 81 (N.D.Ga.1979) is helpful in resolving the applicability of the privilege in this case. In *Barwick,* as in this case, a party resisted the discovery of documentary evidence from a third-person who occupied a non-voluntary, investigatory relationship with respect to it. Acknowledging that "the goal of modern pretrial procedures is the disclosure of facts 'to the fullest practicable extent' (cit.)", the court found the attorney-client privilege inapplicable, the third-parties having served more in the capacity of investigators than legal advisers. *Osterneck v. E.T. Barwick Industries, Inc.,* 82 F.R.D. at 84, 85–86. This also is true of the relationship between the N.C.U.A. and plaintiff. For the reasons stated in *Barwick,* supra, the plaintiff's assertion of the attorney-client privilege in this instance is inappropriate and defendants' motion to compel production of these documents is GRANTED.

### IV.

The defendants also seek the production of board minutes at which an attorney for

plaintiff's former general manager was present. Defendants contend plaintiff agreed to produce these minutes at the December 4, 1980, hearing but has not done so. A review of the transcript of that hearing shows that the court directed plaintiff to produce those portions of all minutes where this attorney was present. Plaintiff is instructed to comply fully with this order if it has not already done so.

■ Defendants also claim that some of the withheld board minutes contain discoverable information relating to plaintiff's attorney's fees. Case law cited by defendants in their brief support their contention as to the discoverability of such information. *In re Grand Jury Proceedings v. Lawson,* 600 F.2d 215, 218 (9th Cir. 1979); *In re January 1976 Grand Jury v. U. S.,* 534 F.2d 719, 728 (7th Cir. 1976). Defendants' motion to compel production of this information is GRANTED.

Lastly, defendants have objected to plaintiff's allegedly withholding discoverable information underlying particular business decisions of plaintiff. Plaintiff contends that the business discussions were only incidental to its obtaining legal advice and that the discussions are, therefore, privileged.

■ "The mere mention of business considerations is not enough to compel the disclosure of otherwise privileged material.... Legal advice should remain protected along with 'nonlegal considerations' discussed between client and counsel that are relevant to that consultation, but when the ultimate decision then requires the exercise of business judgment and when what were relevant nonlegal considerations incidental to the formulation of legal advice emerged as the business reasons for and against a course of action, those business reasons considered among executives are not privileged." *SCM Corp. v. Xerox Corp.,* 70 F.R.D. 508, 517 (N.D.Conn.1976). *See also Barr Marine Products Co. Inc. v. Borg-Warner Corp.,* 84 F.R.D. 631, 634–635 (E.D.Pa. 1979).

A proper application of this statement of the law to the particular documents in this case can best be achieved by the parties. If fifteen days after issuance of this Order, the parties have been unable to resolve satisfactorily their discovery dispute on this issue, defendants may file another motion to compel. If, however, this court is asked to decide another discovery dispute in this case, the court will seriously consider an award of expenses under Rule 37(a)(4) to the prevailing party.

In conclusion, defendants' motion to compel is GRANTED in part and DENIED in part.