**Frances FELICIA, Plaintiff,**

**v.**

**CELEBRITY CRUISES, INC., Defendant.**

**No. 12–20477–CIV.**

United States District Court,
S.D. Florida.

Nov. 9, 2012.

John Heyward Hickey, David Charles Appleby, Hickey Law Firm, P.A., Miami, FL, for Plaintiff.

Amanda Lesley Jacobs, Royal Caribbean Cruises Ltd., Brian Thomas Scarry, Daniel Scott Marcotte, David James Horr, Horr Novak & Skipp, Miami, FL, for Defendant.

***ORDER***

LURANA S. SNOW, United States Magistrate Judge.

THIS CAUSE is before the Court on the Plaintiff's Motion to Compel Better Responses to Request for Production to Defendant Celebrity Cruises, Inc. Re: Injury Investigation Policies and Procedures (DE 49), and Plaintiff's Request for Oral Argument on Plaintiff's Motion to Compel Better Response to Request for Production to Defendant Celebrity Cruises, Inc. Re: Injury Investigation Policies and Procedures (DE 50), which were referred to United States Magistrate Judge, Lurana S. Snow.

The Plaintiff filed a Complaint on February 7, 2012 alleging that owing to the Defendant's negligence, she sustained injuries during a slip and fall which occurred while she was vacationing on the cruise ship *Celebrity Century.* (DE 1) In particular, the Complaint alleges that the Defendant failed to maintain the premises properly, and failed to wipe down and reasonably warn of dampness on the flooring of the Island Cafe on Deck 11. *Id.* at ¶ 10. The damp flooring caused the Plaintiff to fall, resulting in her injury. *Id.*

The Plaintiff's motion relates to production requests she served on the Defendant on August 1, 2012. The requests reflect the Plaintiff's efforts to determine what steps are taken by the Defendant to investigate injuries to its passengers. The Defendant objected to all fourteen requests.[1]

The Federal Rules of Civil Procedure set forth the scope and limits of discovery. Under Rule 26(b),

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ... [that] is relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence ..., [however] the court must limit the

1. The parties were able to resolve their differences with regard to Request No. 13 before the Plaintiff filed her motion.

frequency or extent of discovery otherwise allowed by these rules ... if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues...."

Fed.R.Civ.P. 26(b). The Advisory Committee notes to Rule 26 are instructive. They make clear that a broad search for facts, and indeed "fishing" for evidence is permitted. Adv. Com. Notes, 1946 Amendment, Rule 26, Fed.R.Civ.P. "Of course, matters entirely without bearing either as direct evidence or as leads to evidence are not within the scope of inquiry, but to the extent that the examination develops useful information, it functions successfully as an instrument of discovery, even if it produces no testimony directly admissible." *Id.* (citations omitted).

Fed.R.Civ.P. 37(a) permits parties to move for an order compelling discovery. Motions to compel are committed to the sound discretion of the court. *Commercial Union Ins. Co. v. Westrope,* 730 F.2d 729, 731 (11th Cir.1984) Broad generalized objections unsupported by memorandum of law or other document are impermissible. *White v. Beloginis,* 53 F.R.D. 480 (S.D.N.Y.1971). The burden of persuasion is on the party objecting to the discovery. *U.S. v. 58.16 Acres of Land,* 66 F.R.D. 570, 573 (E.D.Ill. 1975); *Eglin Federal Credit Union v. Cantor, Fitzgerald Securities Corp.,* 91 F.R.D. 414 (N.D.Ga.1981). The undersigned will discuss each disputed discovery request in turn. The Court has omitted the citations contained in the Defendant's responses for the sake of brevity.

**Request No. 1.** Information regarding injury investigation and reporting found in the QESMS Manual/Database

**Response.** Objected to on the basis that this request is overbroad, burdensome, harassing, ambiguous, vague, insufficiently limited in scope of timeframe and subject matter inquiry, and extends to matters which are immaterial and irrelevant to the subject cause. Defendant's post-incident investigation of Plaintiff's incident is irrelevant to the ultimate issues in the case: whether Defendant exercised reasonable care under the circumstances and whether Defendant was on notice of dangerous condition alleged by Plaintiff. Moreover, the incident alleged occurred in April 2011. It is also unclear which specific documents Plaintiff is requesting. Plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence, and is not pertinent to any allegation alleged in Plaintiff's Complaint.

The Plaintiff contends that in response to one of the interrogatories she propounded on April 30, 2012, the Defendant indicated that as part of its investigation, a photograph was taken of the area where the incident took place.[2] The Defendant has since advised the Plaintiff that the photograph does not exist. The Plaintiff asserts that if there was a photograph taken of the area, it is not privileged and would assist the jury in understanding the nature of the flooring surface and whether it was unreasonably dangerous. Any video footage would also be relevant, and she contends that it is well known that cruise lines in general have numerous surveillance videos throughout their vessels. According to the Plaintiff, although the Defendant has indicated that it has no video of the actual incident, there may have been video footage taken close to the time of the incident, but which no longer exists. The Plaintiff seeks to discover the investigative procedure employed by the Defendant and

2. In response to Interrogatory # 7, the Defendant stated, "Defendant is in possession of one (1) photograph of the area where the incident took place. The photograph was taken as part of Defendant's investigation of the incident by Chief Safety Officer Gerasimons Limperatos (see response to interrogatory number 5 for his address). Counsel for Defendant is in possession of the photograph."

the reason why the photograph in question no longer exists.

The Plaintiff further contends that she has learned through discovery the identity of at least one passenger, Ann Biggs, who fell on the deck of the Island Cafe within the last two years, and who was not previously identified by the Defendant.[3] The Plaintiff also has learned from produced documents, that despite the Defendant's assertion that the decking is not unreasonably dangerous, the *Century's* senior assistant food manager (the person who identified Ms. Biggs), characterized the area where she slipped as "very slippery and dangerous," and noted that "we have a few falls every cruise, despite precautionary measures."

When the Defendant's corporate representative, Ms. Amanda Camos, was deposed, she was asked why Ms. Biggs' identity had not been disclosed. Ms. Campos revealed that the injury investigation reporting system onboard the ship did not contain Ms. Biggs' name. Ms. Campos was unfamiliar with the threshold requirements for entry of a passenger slip and fall incident into the ship's database, and was likewise unfamiliar with other issues with respect to the ship's incident reporting system.

In light of the fact that the database revealed only two incidents in the preceding two years, and discovery has uncovered at least one other incident, the Plaintiff asserts that the reporting procedure for recording passenger slip and falls is in question. Therefore, the Plaintiff contends that the content of the database, the policies and procedures for inputting passenger incidents into the database and other related matters pertaining to the manner in which passenger incidents are investigated, recorded and maintained onboard the Century are discoverable.

The Defendant responds that although it initially believed that it was in possession of a photograph of the area where the incident occurred, it later learned that the photograph in question was not taken by its Chief Safety Officer, and does not depict the area where the incident occurred, or any other area within the Island Cafe, or the *Celebrity Century.* The Defendant amended its answer to Interrogatory No. 7 to reflect this new information. The Defendant's response does not state whether video footage of the area where the Plaintiff fell ever existed. The Defendant characterizes the Plaintiff's attempt to discover documents concerning its investigative procedures as a "fishing expedition," and asserts that any investigation it undertook after the incident is not relevant to whether it breached its duty of care to the Plaintiff.

The Court notes that although the Defendant has taken something of a scattergun approach to its responses to each of the Plaintiff's requests, its primary objections to Request No. 1 are based on relevance, and vagueness or overbreadth based on the lack of time frame. The Federal Rules of Civil Procedure tolerate a certain amount of "fishing" for evidence during discovery. Therefore, a relevance objection should not be sustained on the basis that a party is "fishing" if there is a possibility that the matter into which a party is inquiring reasonably could lead to the discovery of evidence that is relevant to the case. *See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

The Defendant cites a number of cases in support of its contention that its post incident investigation is not relevant to the Plaintiff's claim that it did not exercise reasonable care in preventing and/or correcting the condition which allegedly resulted in her injury. *York v. Commodore Cruise Line, Ltd.,* 863 F.Supp. 159, 164 (S.D.N.Y.1994) (ship owner's duty does not extend to aiding a passenger in investigating an incident after it occurs); *Doe v. Celebrity Cruises,* 145 F.Supp.2d 1337, 1346 (S.D.Fla.2001) (striking allegations in complaint concerning the failure to investigate an assault); *Jaffess v. Home Lines, Inc.,* 1988 WL 42049 at *7, 1988 U.S. Dist. Lexis 3481 at *19 (S.D.N.Y.1988) (ship owner has no duty to aid a passenger in investigating an assault after it occurs.) Each of the cited cases were in a procedural-

3. In response to Interrogatory # 12, The Defendant identified only two passengers who fell on the deck surface within the preceding two years, and denied that the deck is dangerous.

ly different posture than this one, however. The *York* Court was entering judgment after bench trial, the *Doe* case involved a motion to dismiss, and the *Jaffess* Court granted summary judgment.

■ While the Court agrees that the Defendant's investigative procedures are not relevant to whether it breached its duty of care to the Plaintiff in this case, the Court nevertheless finds that information responsive to Request No. 1 could lead to the discovery of evidence that would show whether the Defendant's system for investigating incidents adequately reflects their frequency. In other words, discovery may shed light on what factors are considered in determining when a slip and fall incident is included in the ship's database. Information responsive to this request could also lead to the discovery of evidence relevant to the incident involving the Plaintiff. For example, if it is the Defendant's policy to take photographs and/or review surveillance footage after an incident, it would then need to explain why such evidence has not been disclosed to the Plaintiff. Accordingly, the Defendant shall produce documents responsive to this request.

With regard to the time frame, the request shall be narrowed to the period of two years preceding the incident to the present, since the decking on which the Plaintiff fell was installed in 2010, (DE 60, p. 3) and the incident occurred in 2011.

> **Request No. 2.** Information from the Celebrity medical manual with respect to injury accidents and their investigation, charting, documentation, and follow-up.
>
> **Response.** Objected to on the basis that this request is overbroad, burdensome, harassing, ambiguous, vague, insufficiently limited in scope of timeframe and subject matter inquiry, and extends to matters which are immaterial and irrelevant to the subject cause. Defendant's post-incident medical investigation of Plaintiffs incident is irrelevant to the ultimate issues in this case: whether Defendant exercised sereasonable care under the circumstances and whether Defendant was on notice of the dangerous condition alleged by Plaintiff. Moreover, Plaintiff makes no allegations in her Complaint concerning post-incident medical treatment aboard the ship. Additionally, the incident alleged occurred in April 2011. It is also unclear which specific documents Plaintiff is requesting. Plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence, and is not pertinent to any allegation alleged in Plaintiff's Complaint.

The Defendant asserts that because nothing in the Plaintiff's Complaint concerns the medical care she received on the ship, the information requested is irrelevant. Counsel for the Plaintiff asserts that he has learned from other cases involving the Defendant that the Defendant's medical manual contains information dealing with the manner in which incidents are investigated and what information is compiled and retained. The Defendant does not address this assertion in its reply brief.

■ To the extent that the Defendant's medical manual contains information concerning how incidents are investigated and what information is compiled and retained, the information sought in this request is reasonably calculated to lead to the discovery of admissible evidence, based upon the same analysis as with respect to Request No. 1. Accordingly, the Defendant shall produce documents responsive to this request. The time frame shall be narrowed to span the two years preceding the incident in this case until the present.

Requests No. 3, 4, and 5 each seek documents which provide advice concerning investigative policies and procedures to Defendant's employees.

> **Request No. 3.** Copies of any material available to onboard security officers, Celebrity vessels, as of April 25, 2011 which provide advice, recommendations, policies and procedures, guidelines for the investigation and reporting of passenger injury accidents.
>
> **Response.** Objected to on the basis that this request is overbroad, burdensome, harassing, ambiguous, vague, insufficiently limited in scope of timeframe and subject matter inquiry, and extends to matters which are immaterial and irrelevant to the subject cause. Defendant's post-incident

investigation of Plaintiff's incident is irrelevant to the ultimate issues in this case: whether Defendant exercised reasonable case under the circumstances and whether Defendant was on notice of the dangerous condition alleged by Plaintiff. Moreover, it is unclear which specific documents Plaintiff is requesting, Plaintiff's request is not reasonably calculated to the discovery of admissible evidence, and is not pertinent to any allegation alleged in Plaintiff's Complaint.

**Request No. 4.** Copies of any material available to onboard safety officers, Celebrity vessels, as of April 25, 2011 which provide advice, recommendations, policies and procedures, guidelines for the investigation and reporting of passenger injury accidents.

**Response.** Objected to on the basis that this request is overbroad, burdensome, harassing, insufficiently limited in scope of timeframe and subject matter inquiry, and extends to matters which are immaterial and irrelevant to the subject cause. Defendant's post-incident investigation of Plaintiff's incident is irrelevant to the ultimate issues in this case: whether Defendant exercised reasonable care under the circumstances and whether Defendant was on notice of the dangerous condition alleged by Plaintiff. Moreover, it is unclear which specific documents Plaintiff is requesting. Plaintiff's request is simply not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 5.** Any policies and procedural manuals, any guidelines, or protocols, whether in written form or any database which provide instruction to onboard security and/or safety department crewmembers that pertain to the investigation, reporting, and follow-up with respect to any passenger/guest injuries onboard Celebrity vessels as of April 2011.

**Response.** Objected to on the basis that this request is overbroad, burdensome, harassing, insufficiently limited in scope of timeframe and subject matter inquiry, and extends to matters which are immaterial and irrelevant to the subject cause. Defendant's post-incident investigation of Plaintiff's incident is irrelevant to the ultimate issues in the case: whether Defendant exercised reasonable care under the circumstances and whether Defendant was on notice of the dangerous condition alleged by Plaintiff. Plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence, and is not pertinent to any allegation alleged in Plaintiff's Complaint.

█ The information sought in these requests is reasonably calculated to lead to the discovery of admissible evidence, based upon the same analysis as with respect to Request No. 1. Accordingly, the Defendant shall produce documents responsive to this requests 3, 4, and 5.

**Request No. 6.** Any documents, guidelines, policies and procedures, or protocols whether in written form or on database available to bridge officers who have responsibility for reviewing passenger injury investigation reports and documents in effect on Celebrity cruise ships as of April 2011.

**Response.** Objected to on the basis that this request is overbroad, burdensome, harassing, insufficiently limited in scope of timeframe and subject matter inquiry, and extends to matters which are immaterial and irrelevant to the subject cause. Defendant's post-incident investigation of Plaintiff's incident is irrelevant to the ultimate issues in this case: whether Defendant exercised reasonable care under the circumstances and whether Defendant was on notice of the dangerous condition alleged by Plaintiff. Plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence, and is not pertinent to any allegation alleged in Plaintiff's Complaint.

█ The information sought in this request likewise is reasonably calculated to lead to the discovery of admissible evidence, based upon the same analysis as with respect to Request No. 1. In addition, as the Plaintiff points out, information learned in response to this request may shed light on whether the Defendant should have been on notice of the condition which resulted in the Plaintiff's injuries. Accordingly, the Defendant shall

produce documents responsive to this request.

**Request No.** 7. A blank copy of the accident/injury, incident report form completed by any crewmembers on Celebrity vessels as of April 2011.

**Response.** Objected to on the basis that this request calls for the disclosure of attorney-client communications, work prepared in anticipation or materials otherwise privileged and protected from disclosure. Defendant's accident reports are prepared at the direction of its counsel. Should it be necessary, Defendant will supplement this objection with an Affidavit. Additionally, Defendant also objects to this request on the basis that it is overbroad, burdensome, harassing, insufficiently limited in scope of timeframe and subject matter inquiry, and extends to matters which are immaterial and irrelevant to the subject cause. Defendant's post-incident investigation of Plaintiff's incident is irrelevant to the ultimate issues in this case: whether Defendant exercised reasonable care under the circumstances and whether Defendant was on notice of the dangerous condition alleged by Plaintiff. Plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence, and it not pertinent to any allegation alleged in Plaintiff's Complaint.

In addition to its objections based upon relevance and overbreadth, the Defendant objects to this request on the basis of attorney-client and work product privilege. The Plaintiff points out that she is seeking a *blank copy* of the incident report or similar form. The Defendant's response indicates that should it be necessary it will supplement its objection with an affidavit. The Court will give the Defendant an opportunity to do so, so that the Plaintiff can properly evaluate the claim of privilege.

Requests No. 8 and 9 deal with policies and procedures concerning the capture and storage of surveillance footage.

**Request No.** 8. Any manuals, guidelines, policies and procedures, or protocols which deal with the capture of video surveillance images onboard Celebrity vessels as of April 2011.

**Response.** Defendant objects to this request on the basis that it is overbroad, burdensome, harassing, insufficiently limited in scope of timeframe and subject matter inquiry, and extends to matters which are immaterial and irrelevant to the subject cause. Defendant's post-incident investigation of Plaintiff's incident is irrelevant to the ultimate issues in the case: whether Defendant exercised reasonable care under the circumstances and whether Defendant was on notice of dangerous condition alleged by Plaintiff. Plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence, and is not pertinent to any allegation alleged in Plaintiff's Complaint.

**Request No.** 9. Any manuals, policies and procedures, guidelines, or protocols available to any department on Celebrity vessels as of April 2011, whether safety or security departments which govern the procedures for acquisition of video surveillance imaging, storage of video surveillance imaging, and deletion or erasing of video surveillance imaging captured onboard Celebrity vessels as of April 2011.

**Response.** Defendant objects to this request on the basis that it is overbroad, burdensome, harassing, insufficiently limited in scope of timeframe and subject matter inquiry, and extends to matters which are immaterial and irrelevant to the subject cause. Defendant's post incident investigation of Plaintiff's incident is irrelevant to the ultimate issues in the case: whether Defendant exercised reasonable care under the circumstances and whether Defendant was on notice of dangerous condition alleged by Plaintiff. Plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence, and is not pertinent to any allegation alleged in Plaintiff's Complaint.

The information sought in these requests is reasonably calculated to lead to the discovery of admissible evidence, based upon the same analysis as with respect to Request No. 1. Documents responsive to these requests could shed light on whether sur-

veillance footage capturing the incident ever existed. Accordingly, the Defendant shall produce documents responsive to Request 8 and 9.

**Request No. 10.** Any manuals, guidelines, policies and procedures, or protocols whether written or on electronic database that provide information regarding injury investigation and reporting applicable to Celebrity vessels as of April 2011.

**Response.** Defendant objects to this request on the basis that it is overbroad, burdensome, ambiguous, harassing, insufficiently limited in scope of timeframe and subject matter inquiry, and extends to matters which are immaterial and irrelevant to the subject cause. Defendant's post-incident investigation of Plaintiff's incident is irrelevant to the ultimate issues in the case: whether Defendant exercised reasonable care under the circumstances and whether Defendant was on notice of the dangerous condition alleged by Plaintiff. Moreover, it is unclear exactly what materials Plaintiff is requesting, as the request is ambiguous and vague. Plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence, and is not pertinent to any allegation alleged in Plaintiff's Complaint.

The information sought in this request is reasonably calculated to lead to the discovery of admissible evidence, based upon the same analysis as with respect to Request No. 1. Accordingly, the Defendant shall produce documents responsive to this request.

**Request No. 11.** Any documents which reflect angle of view, or field of capture for video imaging from the surveillance video cameras onboard Celebrity's "Century" as of April 2011 which would surveil the area of the Island Cafe starboard side forward the aft elevators and stairway.

**Response.** Defendant objects to this request on the basis that it is overbroad, burdensome, ambiguous, harassing, insufficiently limited in scope of timeframe and subject matter inquiry, and extends to matters which are immaterial and irrelevant to the subject cause. Defendant's post-incident investigation of Plaintiffs incident is irrelevant to the ultimate issues in the case: whether Defendant exercised reasonable care under the circumstances and whether Defendant was on notice of the dangerous condition alleged by Plaintiff. Moreover, Defendant has already advised Plaintiff it does not have any video footage of the alleged incident. Plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence, and is not pertinent to any allegation alleged in Plaintiff's Complaint.

The information sought in this request is reasonably calculated to lead to the discovery of admissible evidence as responsive documents would establish whether the incident should have been captured by any cameras in the area. Accordingly, the Defendant shall produce documents responsive to this request.

**Request No. 12.** Any documents which reflect the time of departure of the shipboard physician from Celebrity's "Century" upon docking April 25, 2011 at the end of the cruise. The purpose of this request is to determine at what time the shipboard physician debarked the vessel on April 25, 2011 upon termination of the cruise.

**Response.** Defendant objects to this request on the basis that it is overbroad, burdensome, harassing, insufficiently limited in scope of subject matter inquiry, and extends to matters which are immaterial and irrelevant to the subject cause. Defendant's post-incident medical investigation of Plaintiff's incident is irrelevant to the ultimate issues in the case: whether Defendant exercised reasonable care under the circumstances and whether Defendant was on notice of the dangerous condition. Moreover, Plaintiff makes no allegations in her Complaint concerning post-incident medical treatment aboard the ship. Plaintiff's request is simply not reasonably calculated to lead to the discovery of admissible evidence, and is not pertinent to any allegation in Plaintiff's Complaint.

The Defendant argues that this request is not relevant because the Complaint makes no allegations about post-incident medical treatment on board the ship. The Plaintiff argues that this request seeks information pertaining to the care and treatment of the Plaintiff

immediately following the incident, when the incident occurred, and why the Plaintiff was never seen by a physician prior to disembarking from the ship. The Plaintiff contends that the request is narrowly tailored.

The Defendant has asserted a number of affirmative defenses in this case including, contributory negligence and the failure to mitigate damages. (DE 10, p. 3) If the shipboard physician left the ship before the Plaintiff had an opportunity to seek medical attention, this would be relevant to explain why she waited to obtain treatment until after she disembarked. The Court agrees that the request is narrowly tailored, and for that reason overrules the Defendant's objections.

**Request No. 14.** Information from any safety and environment manual which deals with passenger injuries and passenger injury investigations and reporting.

**Response.** Defendant objects to this request on the basis that it is overbroad, burdensome, harassing, insufficiently limited in scope of subject matter inquiry, and extends to matters which are immaterial and irrelevant to the subject cause. Defendant's post-incident investigation of Plaintiff's incident is irrelevant to the ultimate issues in the case: whether Defendant exercised reasonable care under the circumstances and whether Defendant was on notice of the dangerous condition alleged by Plaintiff. There are no "environmental" related allegations in Plaintiff's Complaint. Moreover, the incident alleged occurred in April 2011. Plaintiff request is simply not reasonably calculated to lead to the discovery of admissible evidence, and is not pertinent to any allegation alleged in Plaintiff's Complaint.

The information sought in this request is reasonably calculated to lead to the discovery of admissible evidence, based upon the same analysis as with respect to Request No. 1. Accordingly, the Defendant shall produce documents responsive to this request.

Being fully advised, it is hereby

ORDERED AND ADJUDGED that the Plaintiff's Motion to Compel Better Responses to Request for Production to Defendant Celebrity Cruises, Inc. Re: Injury Investigation Policies and Procedures (DE 49) is GRANTED in part as follows:

1. On or before November 19, 2012, the Defendant shall produce documents responsive to Requests No. 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, and 14. The time frame encompassed by Requests No. 1 and 2 shall include the two years preceding the incident in this case to the present.

2. On or before November 16, 2012, the Defendant shall provide the Plaintiff with an affidavit in support of its objections based upon privilege to Request No. 7, in light of the Plaintiff's statement that she seeks only a blank form.

3. The Plaintiffs Request for Oral Argument (DE 50) is DENIED.